IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE CLE GROUP, LLC,<br>BISOU UPTOWN MANAGER, LLC, and<br>JOHN DOES 1–10,<br><br>                    Defendants. | Case No. 3:21-cv-01614-B |

**PLAINTIFF BISOUS BISOUS LLC'S REPLY IN SUPPORT OF
ITS APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

BISOUS BISOUS submits this abbreviated reply in support of its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (Dkt. 12; the "Motion") to address CLE's argument that it is an improper defendant in accordance with the Court's July 29 directive.

CLE has not been "wrongfully sued" as it claims.  Based on CLE's opposition papers, CLE is one of at least two proper defendants.  Though it may not be the legal entity that *owns* the accused BISOU restaurants in Dallas and Houston, it is indisputable that CLE has used and continues to use the BISOU name and mark to advertise the BISOU restaurants.  CLE's advertising and use of BISOU is infringing conduct that makes CLE a proper defendant in this action.  This infringing activity is what BISOUS BISOUS' Motion seeks to stop.

Further, the suggestion that CLE is an innocent bystander is disingenuous.  CLE belongs to a web of related entities that publicly claim that BISOU was founded, conceptualized, and is offered "exclusively by" CLE.  In fact, the pleadings and *both* parties' submissions to the Court show that CLE works in concert with and has aided and abetted the owner of BISOU Dallas— Bisou Uptown Manager, LLC ("Bisou"), and likely other individuals or entities still unknown (John Does 1–10)—in opening, operating, and promoting BISOU.  All of these entities are intertwined and would be equally bound by any injunctive relief granted under Federal Rule 65(d)(2)(C) under BISOUS BISOUS' original complaint and Motion.  Nevertheless, to eliminate any doubt, BISOUS BISOUS promptly amended its complaint to add Bisou and John Does 1–10 as defendants and served Bisou with the Summons, First Amended Complaint, and its Motion and supporting Appendix on July 29, 2021.  But even without this formal service, Bisous has had actual notice of this lawsuit and Motion for over a week as explained further below.

In sum, CLE is a proper defendant, Bisou has been added as a defendant and served, both

CLE and Bisou have been on notice of the Motion for over a week, and the Court can rule now on the Motion.

## II.      CLE IS A PROPER DEFENDANT

CLE is a proper defendant at least because it uses the infringing BISOU mark and advertises the BISOU restaurants.  It also claims to be a founder of them.  It is undisputed that CLE works hand-in-hand with Bisou (and others) to promote BISOU.  Despite CLE's evasive contentions declaring otherwise, it is a proper defendant and target of BISOUS BISOUS' request for injunctive relief.

*First*, while CLE claims it has been "wrongfully sued," it has not disputed and cannot dispute that it promotes and advertises BISOU under the infringing BISOU mark.  As just one example, CLE prominently features the BISOU logo on its LinkedIn page.



CLE also promotes and advertises BISOU on its website at https://clegrouphtx.com/bisou-restaurant-houston/ and on its Facebook and Instagram accounts.[2]

---

[1] Appendix to BISOUS BISOUS' Reply in Support of Motion ("Reply App.") at 4; *see also id.* at 1–2 (Declaration of David B. Conrad).
[2] Reply App. at 3–9; *see also* Dkt. 26, First Amended Complaint ¶ 39.



This alone is infringement.  15 U.S.C. § 1114(1)(a) (elements of infringement include use

of a mark  in connection with "the sale, offering for sale, distribution *or advertising of any good*")

(emphasis added); 4 McCarthy on Trademarks and Unfair Competition § 25:26 (5th ed.) ("Merely

advertising using an infringing mark is itself a separate act of infringement."); *New Balance*

*Athletics, Inc. v. USA New Bunren Int'l Co. Ltd LLC*, 424 F. Supp. 3d 334, 345 (D. Del. 2019)

("That [defendant] did not actually sell any infringing products is immaterial because liability

under the Lanham Act can be based on advertising or promotion alone."); *VersaTop Support Sys.,*

*LLC v. Ga. Expo, Inc*., 921 F.3d 1364, 1371–72 (Fed. Cir. 2019) (defendant's use of marks in

advertising flyers and brochures constitutes a "use in commerce" under the Lanham Act); *Pebble*

*Beach Co. v. Tour 18 I, Ltd*., 942 F. Supp. 1513, 1554 (S.D. Tex. 1996) (enjoining defendant "and

all persons in active concert or participation with defendant" from promoting and advertising the

alleged marks).

   *Second*, CLE clearly participates in running and promoting BISOU Dallas as evidenced by

BISOU Dallas' request on its social media that resumes be emailed to

"careers@**theclegroup.com**."[3]  This promotion of BISOU Dallas' staff openings was coordinated

with CLE, which posted the *identical* image and caption on its @clegrouphtx Facebook page on

---

[3] App. at 381 (Instagram post from @bisoudtx) (emphasis added).

the *same day*.[4]  Similarly, the @bisoudtx, @bisouhouston, and @clehouston Instagram accounts advertised the BISOU Dallas launch party by posting nearly identical "invitations" on their respective pages *on the same day*.[5]  Notably, the invitations all specified that they were from "THE CLE GROUP" and directed consumers to the email address "bisoudtx@**theclegroup.com**" for reservations, as shown in the example below:



CLE has also promoted BISOU Houston's opening in an interview with the press.[6]

  *Third*, while CLE claims "no ownership interest" in the BISOU restaurants, and that BISOU Dallas is wholly owned by Bisou,[7] the undisputed excerpts from websites and social media

---

[4] Reply App. at 9.
[5] *Id.* at 10–13 (Ex. B).
[6] *Id.* at 14–17 (Ex. C).
[7] CLE's Appendix (Dkt. 21; "CLE's App.") at 2 (Declaration of Justin Trusedell ("Trusedell Decl.") ¶¶ 2–5.  Mr. Truesdell is "an owner with Defendant The Cle Group, LLC" and "owner and manager" of BISOU Dallas.  *Id.* at 2–3 (Truesdell Decl. ¶¶ 2, 5).

accounts promoting BISOU Dallas and BISOU Houston consistently tout that BISOU is "A #CleGroup Concept," and that CLE is a "founder" of Bisou Houston.  CLE's own @clegrouphtx Instagram account is also "tagged" in posts promoting BISOU, and CLE's name and logo are featured on the BISOU restaurant websites.[8]  Even a screenshot provided by *CLE* of www.bisourestaurant.com/experience/ states that BISOU was "[f]ounded and conceptualized by Clé Group."[9]  And just *hours* after filing its brief yesterday, Bisou tagged CLE in an Instagram "story" of the BISOU restaurant signage with the caption "Dallas's Newest Social Dining Hotspot ***Exclusively by the @clegrouphtx***" on its @bisoudtx Instagram account.[10]

In another attempt to divert attention from CLE's infringing activities, CLE claims that it "does not control the determination or use of either restaurant's marks or signage."[11]  At the same time, however, CLE admits that it seeks to register the trademark BISOU CONTINENTAL with the U.S. Patent and Trademark Office based on an alleged bona fide intent to use the mark in commerce with nightclub, restaurant, and bar services.[12]  In addition, when responding to BISOUS BISOUS' cease and desist letter to CLE—which addressed BISOU Houston *and* the planned BISOU Dallas[13]—CLE's attorney did not mention that CLE was not the proper entity or that the Dallas restaurant was/would be owned by a different entity.  Nor did he state that CLE had no control over use of the BISOU mark.  Rather, CLE's own attorney referred to his client as "Cle Group, LLC" *and* as "Bisou" in the same paragraph.[14]  This is unsurprising, as the *same* attorney

---

[8] Appendix to BISOUS BISOUS' Application (Dkt. 13) ("App.") at 376, 379, 381–85, 387, 389, 394–99, 403-05; see also CLE App. at 42, 44–47.

[9] CLE's App. at 42–47.

[10] Reply App. at 19 (Ex. D) (emphasis added).

[11] CLE's Response to the Motion (Dkt. 21) at 4.

[12] *Id.* at 7 n.32; CLE's App. at 62.

[13] CLE's App. at 78–88 (January 26, 2021 letter to CLE's attorney).

[14] *See* CLE's App. at 210 ("***Cle Group, LLC*** does not intend to affiliate or cause confusion with

is listed as the registered agent in Texas for the owner of BISOU Dallas and newly named defendant, Bisou Uptown Manager, LLC, *and* many other active entities in Texas that contain the term "Bisou" in their corporate name.[15]

These facts—including the coordinated advertising for BISOU Dallas in particular—inextricably link BISOU with CLE and show that CLE has been and is working in concert with Bisou (and John Does 1–10), and has aided and abetted their efforts to launch and promote BISOU and the restaurant services offered under the infringing BISOU mark.  That CLE's declarant, Justin Truesdell, is "an owner" of and responsible for all operations and management at ***both*** CLE and BISOU Dallas (i.e., Bisou)[16] as well as the admission that "some of the same entities" have an ownership interest in ***both*** BISOU Dallas and BISOU Houston[17] further demonstrate the intermingling of the various entities that own and operate the infringing restaurants.

Even assuming that Mr. Truesdell's statements about the legal ownership of the BISOU restaurants are true—despite these contrary facts—CLE has nonetheless participated in activities that promote and advertise BISOU, making CLE a proper defendant whose activities should be enjoined.  The companies that CLE works with on BISOU as closely as the evidence demonstrates, even if not named in this lawsuit, would fall under the scope of an injunction.  And similarly, if

---

your client's trademarks. . . . ***Bisou*** does not affiliate or imply an affiliation with Bisou[s] Bisou[s] Dallas in any way.") (emphasis added).

[15] As noted in paragraph 9 of the First Amended Complaint, besides Bisou, BISOUS BISOUS is aware of at least the following active "Bisou" entities that are associated with the same address(es) and/or registered agent as Bisou or CLE: Bisou General Partner, LLC; Bisou GP Manager, LLC; Bisou LP Holdings, LLC; Bisou River Oaks District, LP; and Bisou Uptown, LLC.  Except for Bisou River Oaks District, LP, which names Bisou LP Holdings, LLC as its registered agent, *all* of these entities have the same registered agent and registered office in Texas as Bisou.

[16] CLE App. at 2–3 (Truesdell Decl. ¶¶ 2, 6, stating that he is "an owner with" CLE "responsible for all operations and management of [CLE]" and "an owner and manager" of BISOU Dallas with "responsibilities [that] include all aspects of operations and management").

[17] Dkt. 21 at 4.

CLE was not a named defendant and only Bisou was, CLE would fall under the scope of an injunction.

## III.     BISOU UPTOWN MANAGER, LLC SHOULD ALSO BE ENJOINED

Given the scope of Rule 65, naming Bisou in the lawsuit is not required for its actions to be enjoined.  Bisou (and one or more John Does 1–10) works in concert with CLE to advertise, promote, run, and operate BISOU under the infringing BISOU mark.  For these reasons, Bisou would be properly within the scope of any injunctive relief granted by this Court.  And Bisou has been on notice of the Motion for close to two weeks.  The registered agent who accepted service on Bisou's behalf is the *same* attorney who received a copy of the Complaint and Motion from BISOUS BISOUS' counsel via email on July 19, 2021.[18]  And CLE's declarant, Mr. Truesdell, testified he is "an owner" of CLE *and* an "owner and manager" of BISOU Dallas.[19]  Because of the interrelatedness and intermingling of corporate entities, ownership, and management (such as their attorneys and Mr. Truesdell), notice to CLE of the application for injunctive relief was effective as notice to Bisou.  Additionally, BISOUS BISOUS filed its First Amended Complaint adding Bisou as a defendant in this case, and has already served Bisou with the Summons, First Amended Complaint, and a complete copy of its Motion.[20]

## IV.     CONCLUSION

CLE's contention that it is an improper defendant is factually and legally baseless. The argument is a delay tactic that has no substantive impact on the Motion.  Respectfully, BISOUS BISOUS submits that time is of the essence. The Court should grant BISOUS BISOUS a

---

[18] *See* Dkt. 12 (Complaint at n.1).
[19] Truesdell Decl. ¶¶ 2, 6.
[20] Dkt. 30.

temporary restraining order and set this matter for a hearing on BISOUS BISOUS' motion for a

preliminary injunction as soon as convenient.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: July 30, 2021                     By: */s/ David B. Conrad*
                                              David B. Conrad
                                              Texas Bar No. 24049042
                                              conrad@fr.com
                                              1717 Main Street, Suite 5000
                                              Dallas, TX 75201
                                              Telephone: (214) 747-5070
                                              Facsimile: (214) 747-2091

                                              Kristen McCallion (*admitted pro hac
                                              vice*)
                                              mccallion@fr.com
                                              Vivian Cheng (*admitted pro hac vice*)
                                              cheng@fr.com
                                              7 Times Square, 20th Floor
                                              New York, NY 10036
                                              Telephone: (212) 765-5070
                                              Facsimile: (212) 258-2291

                                              *Attorneys for Plaintiff*
                                              BISOUS BISOUS LLC

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on July 30, 2021, a true and correct copy of the foregoing document has been filed with the clerk of court for the U.S. District Court, Northern District of Texas and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated: July 30, 2021                                    */s/ David B. Conrad*
                                                       David B. Conrad