IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CLE GROUP, LLC,<br>BISOU UPTOWN MANAGER, LLC, and<br>JOHN DOES 1–10,<br><br>    Defendants. | Case No. 3:21-cv-01614-B |

**PLAINTIFF BISOUS BISOUS LLC'S MOTION FOR LEAVE TO SUPPLEMENT THE APPENDIX TO ITS APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT**

Plaintiff Bisous Bisous LLC ("BISOUS BISOUS"), through its undersigned counsel, seeks leave to supplement the Appendix to BISOUS BISOUS' Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (Dkt. 13) with the attached Supplemental Appendix as follows:

**ARGUMENT AND AUTHORITIES**

1. On July 13, 2021, BISOUS BISOUS filed a complaint commencing the instant litigation against The Cle Group, LLC ("CLE"), alleging claims of trademark infringement and unfair competition under the Lanham Act and Texas common law (Dkt. 1). On July 29, 2021, BISOUS BISOUS amended its complaint, adding Defendants Bisou Uptown Manager, LLC and John Does 1–10 (collectively with CLE, the "Defendants") (Dkt. 26).

2. On July 19, 2021, BISOUS BISOUS filed its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (the "Motion"), which seeks to enjoin

CLE (and any one acting in concert or participation with CLE) from using BISOU and any other mark confusingly similar to BISOUS BISOUS. In support of its Motion, BISOUS BISOUS submitted an Appendix containing a declaration from BISOUS BISOUS' owner, Andrea Meyer (the "Meyer Declaration") and accompanying exhibits (Dkt. 13-1 to Dkt. 13-21). The Meyer Declaration provided testimony concerning misdirected calls received by BISOUS BISOUS that were intended for Defendants' BISOU restaurant and support BISOUS BISOUS' allegations of actual confusion.

3. On July 28, 2021, pursuant to the Court's grant of CLE's unopposed motion for an extension of time , CLE filed an opposition to BISOUS BISOUS' Motion (the "Opposition") (Dkt. 21). In its Opposition, CLE challenged BISOUS BISOUS' allegations of actual confusion, arguing that all of BISOUS BISOUS' evidence in support was dated within 48 hours of the opening of BISOU and was related to a social media post by a "disgruntled employee," and was therefore not pertinent to actual confusion (Dkt. 21 at 21–24).

4. On July 29, the Court ordered BISOUS BISOUS to file a reply to the Opposition that was limited to the sole contention that BISOUS BISOUS had sued the wrong party (Dkt. 25). BISOUS BISOUS filed its reply in support of its Motion on July 30, 2021 (Dkt. 31).

5. On August 3, 2021, BISOUS BISOUS received two more misdirected calls, in which the callers left voicemails seeking to make dinner reservations for parties of ten people or more. On August 4, 2021, BISOUS BISOUS also received a misdirected email, from one of the August 3 callers addressed as "Hey Bisou" and following up on the dinner reservation request from the day prior. On August 5 and 6, 2021, BISOUS BISOUS received three further calls from people seeking to make reservations.

6. The attached proposed Supplemental Appendix contains a declaration from Matthew Meyer, Co-owner of BISOUS BISOUS, attaching two voicemails and an email in which prospective patrons of BISOU were seeking dinner reservations at BISOU and mistakenly directed their inquiries to BISOUS BISOUS. Unlike Defendants' BISOU restaurant, BISOUS BISOUS does not serve dinner and does not take any reservations.

7. Mr. Meyer's declaration as well as these recent calls, voicemails and email are offered to demonstrate that BISOUS BISOUS continues to receive misdirected communications intended for BISOU, and provide further support to BISOUS BISOUS' allegations of actual confusion between the parties. Such evidence is an admissible and effective basis for establishing actual confusion. *See Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F. 2d 1155, 1160 n.10 (5th Cir. 1982) (evidence of phone calls from "people trying to reach [Defendant]" admissible evidence and established actual confusion).

8. The substance and effect of these issues were introduced in BISOUS BISOUS' Motion and Appendix filed in support thereof. BISOUS BISOUS seeks only to substantiate its previously-submitted and already existing arguments with continuing, additional evidence that was not available at the time of the Motion's filing. Because CLE has had the opportunity to respond to BISOUS BISOUS' arguments concerning actual confusion in the form of misdirected communications in its Opposition, no injustice, surprise, or unfair advantage will result by granting leave for the filing of this appendix. *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, 3:12-CV-0149-D, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (granting leave to file supplemental appendix when respondent had opportunity to respond, was not unduly prejudiced, and no injustice would result). Respectfully, these supplementary materials will be helpful for the

Court to fully consider the issues raised in BISOUS BISOUS' Motion and CLE's Opposition, especially in light of the upcoming hearing scheduled for Tuesday, August 10, 2021.

9. Accordingly, BISOUS BISOUS seeks leave to supplement the Appendix filed in support of its Motion with the attached Supplemental Appendix.

10. This motion for leave is brought in the interests of justice and not to delay the litigation or to prejudice any party thereto.

11. As certified in the attached Local Rule 7.1 Certificate of Conference, counsel for BISOUS BISOUS conferred with counsel for Defendants on August 5, 2021, and was advised that CLE opposes the relief requested herein.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: August 9, 2021

By: /s/ *David B. Conrad*
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Kristen McCallion (*admitted pro hac vice*)
mccallion@fr.com
Vivian Cheng (*admitted pro hac vice*)
cheng@fr.com
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

*Attorneys for Plaintiff*
BISOUS BISOUS LLC

## LOCAL RULE 7.1(B) CONFERENCE CERTIFICATE

I hereby certify that on August 5 and 6, 2021, counsel for Plaintiff Bisous Bisous LLC conferred with Kenneth P. Kula, counsel for Defendant The Cle Group, LLC who previously indicated that he anticipates representing Defendant Bisou Uptown Manager, LLC, regarding the instant motion for leave to file a supplementary appendix in support of BISOUS BISOUS' application for a temporary restraining order and motion for a preliminary injunction in compliance with Local Rule 7.1(b).  On August 6, 2021, Mr. Kula advised that Defendants oppose the relief sought in BISOUS BISOUS' motion for leave.

Dated: August 9, 2021                                      */s/ David B. Conrad*
                                                                              David B. Conrad


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2021, a true and correct copy of the foregoing document and attachments thereto have been filed with the clerk of court for the U.S. District Court, Northern District of Texas and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated: August 9, 2021                                      */s/ David B. Conrad*
                                                                              David B. Conrad