IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BISOUS BISOUS LLC, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | C.A. No. 3:21-cv-01614-B |
| THE CLE GROUP, LLC, BISOU UPTOWN MANAGER, LLC, and JOHN DOES 1-10, | § § § § § | |
| *Defendants.* | § | |

### DEFENDANT THE CLE GROUP, LLC'S ANSWER
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant The Clé Group, LLC ("Clé") submits the following Answer and Affirmative Defenses to Plaintiff BISOUS BISOUS LLC's ("Plaintiff") First Amended Complaint for Willful Trademark Infringement and Unfair Competition.  Unless specifically admitted below, Clé denies each and every allegation in Plaintiff's First Amended Complaint.

### NATURE OF THIS ACTION[1]

1. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the First Amended Complaint and, therefore, denies the same.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

---

[1] The headings to the First Amended Complaint are not allegations and, therefore, no response is required.  To the extent a response is required, Defendant denies the same.

**ORIGINAL ANSWER OF DEFENDANT CLE**                                                            **PAGE 1**

## PARTIES

6. Admitted.

7. Admitted.

8. The allegations in Paragraph 8 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 8 to the extent they are construed to be directed at it.

9. Denied.

## JURISDICTION AND VENUE

10. Defendant admits that Plaintiff has alleged various federal and state claims but denies that Plaintiff is entitled to any relief. Defendant admits that this Court has subject matter jurisdiction over this case pursuant to the Lanham Act and under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a) but denies that Plaintiff is entitled to any relief under these statutes. Plaintiff denies the remaining allegations of Paragraph 10 of the First Amended Complaint.

11. Defendant admits this Court has personal jurisdiction over it. Defendant denies it "promotes its services under the infringing BISOU designation to Texas residents." Defendant denies the remaining allegations in Paragraph 11 of the First Amended Complaint.

12. The allegations in Paragraph 12 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 12 to the extent they are construed to be directed at it.

13. Defendant Clé admits that venue is proper in this District. Defendant denies the remaining allegations in Paragraph 13 of the First Amended Complaint.

## FACTUAL BACKGROUND

### BISOUS BISOUS

14. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 14 of the First Amended Complaint and, therefore, denies the same.

15. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 15 of the First Amended Complaint and, therefore, denies the same.

16. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 16 of the First Amended Complaint and, therefore, denies the same.

17. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 17 of the First Amended Complaint and, therefore, denies the same.

18. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 19 of the First Amended Complaint and, therefore, denies the same.

20. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 20 of the First Amended Complaint and, therefore, denies the same.

21. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 21 of the First Amended Complaint and, therefore, denies the same.

22. Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

   a. Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

   b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

    c.   Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

    d.   Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

    e.   Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

    f.   Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 22 of the First Amended Complaint and, therefore, denies the same.[2]

23.    Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 23 of the First Amended Complaint and, therefore, denies the same.

## CLE's [Alleged] Controversial Business Practices and Poor Reputation

24.    Clé admits it is a Houston-based hospitality group and that it represents the best in Houston hospitality, including some of the entities listed. Defendant denies the remaining allegations of Paragraph 24.

25.    Denied.

26.    The allegations in Paragraph 26 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 26 to the extent they are construed to be directed at it.

---

[2] Because Defendant is without information sufficient to admit or deny the allegations contained in the First Amended Complaint regarding any "common law rights" that Plaintiff may have to any marks, Defendant objects to Plaintiff's contention, reference to, and definition that "Together, Bisous Bisous' common law rights and U.S. federal trademark registrations for the above marks are referenced herein as the 'BISOUS Marks,'" and, therefore, Defendant denies each allegation that references or uses the same.

**ORIGINAL ANSWER OF DEFENDANT CLE**                                                            **PAGE 4**

27. The allegations in Paragraph 27 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 27 to the extent they are construed to be directed at it.

28. The allegations in Paragraph 28 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 28 to the extent they are construed to be directed at it.

29. The allegations in Paragraph 29 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 29 to the extent they are construed to be directed at it.

30. Denied.

31. Denied.

32. Denied.

### Defendants' [Alleged] Willful Infringement of the BISOUS Marks

33. Denied.

34. Denied.

35. Clé admits it filed U.S. trademark application Serial No. 90552573 for the mark "bisou CONTINENTAL" for "[a]rranging and conducting nightclub entertainment events" in International Class 41 and "[r]estaurant and bar services, including restaurant carryout services" in International Class 43.

36. Denied.

37. Denied.

38. The allegations in Paragraph 38 of the First Amended Complaint are not directed solely towards Clé and, therefore, to those allegations not directed solely towards Clé, no response

is required. Defendant denies the remaining allegations of Paragraph 38 to the extent they are construed to be directed at it.

39. Clé admits it advertises for "bisou CONTINENTIAL CUISINE".

40. The allegations in Paragraph 40 of the First Amended Complaint are not directed solely towards Clé and, therefore, to those not directed towards Clé, no response is required. Defendant denies the remaining allegations of Paragraph 40 to the extent they are construed to be directed at it.

41. Denied.

42. The allegations in Paragraph 42 of the First Amended Complaint are not directed towards Clé and, therefore, no response is required. Defendant denies the allegations of Paragraph 42 to the extent they are construed to be directed at it.

43. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 43 of the First Amended Complaint and, therefore, denies the same.

44. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 44 of the First Amended Complaint and, therefore, denies the same.

45. Denied.

46. Denied.

47. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 47 of the First Amended Complaint and, therefore, denies the same.

48. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 48 of the First Amended Complaint and, therefore, denies the same.

49. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 49 of the First Amended Complaint and, therefore, denies the same.

50. Denied.

51. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 51 of the First Amended Complaint and, therefore, denies the same.

52. Denied.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
## (SECTION 32 OF THE LANTHAM ACT, 15 U.S.C. § 1114(1))

53. Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 52 of this Answer in response to Paragraph 53 of the First Amended Complaint.

54. Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

   a. Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

   b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

   c. Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

   d. Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

   e. Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

   f. Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 54 of the First Amended Complaint and, therefore, denies the same.

55. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 55 of the First Amended Complaint and, therefore, denies the same.

56. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 56 of the First Amended Complaint and, therefore, denies the same.

57. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 57 of the First Amended Complaint and, therefore, denies the same.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (SECTION 43(A) OF THE LANTHAM ACT, 15 U.S.C. § 1125(a))

64. Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 63 of this Answer in response to Paragraph 64 of the First Amended Complaint.

65. Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

   a. Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

   b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

   c. Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

   d. Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

   e. Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

    f. Reg. No. 5,106,227, covering "café and restaurant services" in Class 43. Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 65 of the First Amended Complaint and, therefore, denies the same.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW

72. Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 71 of this Answer in response to Paragraph 72 of the First Amended Complaint.

73. Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

    a. Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

    b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

    c. Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

    d. Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

    e.    Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

    f.    Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.  Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 73 of the First Amended Complaint and, therefore, denies the same.

74.    Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 74 of the First Amended Complaint and, therefore, denies the same.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

**COUNT IV**
**ORDER FOR EXPRESS ABANDOMENT/REFUSAL OF CLE'S TRADEMARK APPLICATION FOR BISOU CONTINENTAL**
**(SECTION 37 OF THE LANTHAM ACT, 15 U.S.C. § 1119)**

81.    Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 80 of this Answer in response to Paragraph 81 of the First Amended Complaint.

82.    Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 82 of the First Amended Complaint and, therefore, denies the same.

83.    Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

     a. Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

     b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

     c. Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

     d. Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

     e. Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

     f. Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 83 of the First Amended Complaint and, therefore, denies the same.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

### PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent that these paragraphs are construed to require a response, Clé denies that Plaintiff is entitled to any of the requested relief and denies any allegations contained herein. Clé requests that a take-nothing judgment be entered in its favor and against Plaintiffs on the entire First Amended Complaint.

## **DEFENSES**

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendant Clé alleges and asserts the following defenses in response to the allegations asserted in the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Defendant Clé intends to conduct discovery and specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's First Amended Complaint fails to state any claim upon which any relief may be granted against Defendant.

### SECOND DEFENSE
### (Invalidity or Improper Issuance)

Plaintiff's marks-in-suit are invalid or should not have been issued by the U.S. Patent and Trademark Office.

### THIRD DEFENSE
### (Non-Infringement)

Plaintiff's marks-in-suit are not infringed by Defendant.

### FOURTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of unclean hands.

### FIFTH DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff alleges that Defendant's actions have prevented Plaintiff from selling products related to its business, Plaintiff has failed to mitigate its damages.

### SIXTH DEFENSE
### (No Intent to Deceive or Trade upon the Good Will or Reputation of Plaintiff)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff has failed to show that Defendant used its mark with the intent to deceive the public or trade upon the good will or reputation of Plaintiff.

### SEVENTH DEFENSE
### (No Likelihood of Confusion)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff has failed to show any likelihood of confusion by the relevant public.

### EIGHTH DEFENSE
### (Laches)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff's claims are barred, in whole or in part, because of the doctrine of laches.

Dated:  August 19, 2021                                    Respectfully submitted,

                                              **BUETHER JOE & COUNSELORS, LLC**

By:    */s/ Kenneth P. Kula*
       Eric W. Buether
       State Bar No. 03316880
       Eric.Buether@BJCIPLaw.com
       Christopher M. Joe
       State Bar No. 00787770
       Chris.Joe@BJCIPLaw.com
       Kenneth P. Kula
       State Bar No. 24004749
       Ken.Kula@BJCIPLaw.com

       1700 Pacific Avenue
       Suite 4750
       Dallas, Texas 75201
       Telephone:   (214) 730-5660
       Facsimile:    (972) 707-1248

       **ATTORNEYS FOR DEFENDANT**
       **THE CLE GROUP, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1(d) on this 19th day of August, 2021.

/s/ Kenneth P. Kula
Kenneth P. Kula