IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Case No. 3:21-cv-01614-B |
| THE CLE GROUP, LLC, § | |
| BISOU UPTOWN MANAGER, LLC, and § | |
| JOHN DOES 1-10, § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' OPPOSED MOTION FOR BOND

Defendants The CLE Group, LLC and Bisou Uptown Manager, LLC hereby file Defendants' Motion for Bond and request that the Court enter an Order requiring Plaintiff to post a bond in the amount of $140,000 to cover the estimated cost of adhering to the Court's Preliminary Injunction ruling until the case is decided on the merits. In support of their motion, Defendants state the following.

I.   **FACTUAL BACKGROUND**

On July 13, 2021, Plaintiff filed its Complaint against Defendant The Cle Group, LLC. (Doc. 1.) On July 19, 2021, Plaintiff filed its Application for A Temporary Restraining Order and Motion for A Preliminary Injunction. (Doc. 12.) Plaintiff's requested relief included enjoining Defendant and all persons acting in concert with it from "[u]sing the term 'BISOU' or any term that is the same as, similar to, or derivative of . . . BISOUS . . . including . . . a similar sounding misspelling such as BISOO, BISU or BIZU . . . to market, advertise, . . . or identify any restaurant or . . . services located in Dallas." (Doc. 12-1 at 2.) On July 29, 2021, Plaintiff filed its First Amended Complaint, adding Bisou Uptown Manager, LLC and John Does 1-10 as additional

defendants. (Doc. 26.) "The Court heard argument on the motion at a hearing on August 11, 2021, at 3:30 p.m." (Doc. 45 at 1.) The Court granted Plaintiff's motion in part. *Id.* In particular, the Court granted the motion "to the extent it seeks a preliminary injunction enjoining Defendants . . . . and anyone acting in concert with them, from using the term 'Bisou' in association with restaurant services and food and/or beverage products, including advertising for the same, in Dallas, Texas." *Id.* "At the hearing, Cle asked the Court to order Bisous Bisous to post a bond in light of this ruling." *Id.* at 31. Plaintiff opposed the request. The Court ruled that "Cle's request is **DENIED WITHOUT PREJUDICE** to seeking this relief by formal motion." *Id.*

Pursuant to the Court's ruling, Defendants now seek such relief by formal motion and request that the Court order Plaintiff to post a bond in the amount of $140,000 to cover the estimated costs to adhere to Her Honor's ruling.

## II.    LEGAL STANDARD

Rule 65(c) of the Federal Rules of Civil Procedure states in part: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). "The amount of that security 'is a matter for the discretion of the trial court.'" *Travelhost, Inc. v. Brady*, No. 3:11-CV-454, 2012 WL 555191, at *6 (N.D. Tex. Feb. 1, 2012) (quoting *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)). The bond required to be posted, as determined by the trial court, should be "per Defendant enjoined," *id.* at *7, when each Defendant enjoined incurs separate and different costs, or may incur defendant-specific damages. Often, the Court will require the posting of a bond—even a modest one—before its preliminary injunctive relief goes into effect. *See, e.g. Lennar Pacific Props. Mgmt., Inc. v. Dauben Inc.*, No. 3:07-CV-1411, 2007 WL 2340487, at *3 (N.D. Tex. Aug. 16, 2007) ("This order shall not be effective until the plaintiffs execute and file

with the clerk of this court a bond in conformity with Fed. R. Civ. P. 65(c) in the amount of $1,000.00"); *Live Nation Motor Sports, Inc. v. Davis*, No. 3:06-CV-276, 2006 WL 3616983, at *6 (N.D. Tex. Dec. 12, 2006) (ordering "this preliminary injunction shall not become effective until Plaintiff SFX tenders to the court the sum of $2,500 cash, or bond in a form approved by the clerk of court"). Finally, based on the specific facts of the case and the totality of the circumstances before the court, it "'may elect to require no security at all.'" *VPI Holding Co. v. Success Resources USA LLC*, No. 3:12-CV-3785, 2013 WL 12100770, at *6 (N.D. Tex. July 22, 2013) (quoting *Kaepa, Inc.*, 76 F.3d at 628). This is not typically done, however, when the enjoined defendants are likely to incur significant costs or damages as a result of adhering to the court's order. *See TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp. 2d 763, 774 (N.D. Tex. 2009) (requiring "relatively low bond" of $100,000 when request was for "no less than $10 million" even though Plaintiff "established a strong likelihood of success on the merits").

### III.     ARGUMENT & AUTHORITY

In an analogous case, this Court found that the "fairest measure for the security amount in th[e] case is the cost to defendants of removing TGIF's marks from their restaurants . . . together with the legal fees and expenses of litigation that defendants will incur." *TGI Friday's*, 652 F. Supp. 2d at 774. As stated above, in the TGIF case, the enjoined defendants were requesting "the court require TGIF to post a bond for no less than $10 million." *Id.* The Court first found that the $10 million figure was excessive and speculative. *Id.* It then went on to find that even the "fairest measure for the security amount"—which would likely have been in the hundreds of thousands of dollars—which included "the cost to defendants of removing TGIF's marks from their restaurants . . . together with the legal fees and expenses of litigation that defendants will incur," *id.*, lacked an evidentiary "basis in the record." *Id.* The Court, therefore, used its discretion to "do a little

rough justice"[1] and after considering all the relevant factors, concluded "that a bond in the amount of $100,000 is proper to pay." *Id.* The Court noted, however, that if the "defendants can show that the bond should be increased, they may move separately for that relief." *Id.*

In the instant case, the Court has ample evidence to support the defendants' request for a bond in the amount of $140,000 to make similar changes that were at issue in the TGIF case. In particular, the Court has the declaration of Mr. Truesdell, who is "an owner with Defendant The CLE Group . . , an owner with Defendant Bisou Uptown Manager, . . [and] work[s] for the Dallas-based restaurant that specializes in continental cuisine and is the subject of this litigation as an owner and manager." Ex. 1, Truesdell Decl. ¶¶ 2-4 at 1; *see generally id.*[2] Mr. Truesdell testifies that he and others spent more than an entire workweek following this Court's August 11 ruling "making telephone calls, meeting with vendors and other individuals, and conducting independent research trying to determine how to make all the changes necessitated by the Court's ruling, including obtaining both cost and timing estimates for certain changes to existing advertisements, restaurant material, which may include but not necessarily be limited to food menus, drink menus, plates, napkins, business cards, table placards, uniforms, and sundry other restaurant accessories." *Id.* ¶ 7 at 2. The results of such efforts are detailed in his declaration, but the estimated costs can be summarized as follows:

- $37,000 as "the approximate cost to create, deliver, and install new signage that does not use the word 'bisou'". *Id.* ¶ 9 at 2; *see* Attach. A, App. 02.

---

[1] Judge Marilyn Milian, who presides over the People's Court, "is best known to make smart remarks . . . often commenting catchphrases like, . . 'This is the part of The People's Court where we do a little "rough justice."'" www.charitybuzz.com (last visited 8/25/2021).
[2] Mr. Truesdell has considered the cost to all defendants and, thus, the $140,000 amount covers all defendants.

**DEFENDANTS' OPPOSED MOTION FOR BOND**                                                    **PAGE 4**

- $10,000 as the approximate cost for the "redesign of the current website so that the word 'bisou' is not used." *Id.* ¶ 11 at 2; *see* Attach. B, App. 05.

- $20,000 in attorneys' fees "for changing all names that use the word 'bisou' and applying for a new trademark that does not use the word 'bisou'".[3] *Id.* ¶ 13 at 3; *see* Attach. C, App. 07.

- $62,000 in approximate costs "for a comprehensive recreating, rebranding, redesigning, remarketing, and repackaging to ensure the word 'bisou' is not used in any way that violates the Court's order." *Id.* ¶ 15 at 3; *see* Attach. D, App. 10.

- $11,000 as an estimate in "miscellaneous cost to ensure the word "bisou" is not used in any manner that violates the Court's ruling, which may include some, all, or even other items in addition to those listed in Plaintiff's correspondence [dated August 23, 2021]." *Id.* ¶ 18 at 3; *see* Attach. E, App. 12 – App. 13.

As the Court can clearly see, and as Mr. Truesdell testifies, his most reasonable estimate for "complete adherence to the Court's ruling will cost the defendants approximately $140,000." *Id.* ¶ 21 at 4. Consequently, pursuant to Rule 65(c) and this Court's inherent discretion, the Court should find that $140,000 is the "amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c).

---

[3] This is an extremely reasonable amount of attorneys' fees when compared to Plaintiff's representation that it has already incurred hundreds of thousands of dollars in attorneys' fees.

**DEFENDANTS' OPPOSED MOTION FOR BOND**                                          **PAGE 5**

IV.     CONCLUSION

For all the aforementioned reasons, Defendants respectfully request that the Court grant their Motion for Bond in full and order Plaintiff to tender to the Court the sum of $140,000 cash, or a security bond in a form approved by the clerk of the court. *See Live Nation*, 2006 WL 3616983, at *6.


Dated:  August 27, 2021                    Respectfully submitted,

                                           **BUETHER JOE & COUNSELORS, LLC**

                                           By:   */s/ Kenneth P. Kula*
                                                 Eric W. Buether
                                                 State Bar No. 03316880
                                                 Eric.Buether@BJCIPLaw.com
                                                 Christopher M. Joe
                                                 State Bar No. 00787770
                                                 Chris.Joe@BJCIPLaw.com
                                                 Kenneth P. Kula
                                                 State Bar No. 24004749
                                                 Ken.Kula@BJCIPLaw.com

                                                 1700 Pacific Avenue
                                                 Suite 4750
                                                 Dallas, Texas 75201
                                                 Telephone:    (214) 730-5660
                                                 Facsimile:    (972) 707-1248

                                                 **ATTORNEYS FOR DEFENDANTS THE CLE GROUP, LLC AND BISOU UPTOWN MANAGER, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 26, 2021 he conferred with Plaintiff's counsel, Mr. David Conrad, requesting a $140,000 bond to be posted to the Court. Counsel for Plaintiff stated that the instant motion is opposed. *See* Local Rule CV-7.1(a), (b).

*/s/ Kenneth P. Kula*
Kenneth P. Kula

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1(d) on this 27th day of August, 2021.

*/s/ Kenneth P. Kula*
Kenneth P. Kula