IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BISOUS BISOUS LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 3:21-cv-01614-B |
| v. | § § | Jury Trial Demanded |
| THE CLE GROUP, LLC, *et al.,* | § § | |
| Defendants. | § § § | |

## DECLARATION OF JUSTIN ZACHARIAH TRUESDELL

I, Justin Zachariah Truesdell, do hereby declare and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying.

2. I am an owner with Defendant The CLE Group, LLC, and am responsible for all operations and management of same.

3. I am also an owner with Defendant Bisou Uptown Manager, LLC.

4. I also work for the Dallas-based restaurant that specializes in continental cuisine and is the subject of this litigation as an owner and manager, and my responsibilities include all aspects of operations and management.

5. The day following the Court granting Plaintiff's Motion for Preliminary Injunction from the bench on August 11, 2021, I began researching the costs, timing, manpower, logistics, availability of vendors during the COVID pandemic, and the actual procedures necessary for

adhering fully to the Court's ruling, which prohibits the defendants from using the word "bisou" in association with restaurant services, including advertising for the same in Dallas.

6. Various vendors with whom I spoke raised the spike in COVID cases as a reason for either their reluctance to perform the work immediately or the reason for delay in performing the work ultimately.

7. My team and I spent approximately 45 hours the next week or so making telephone calls, meeting with vendors and other individuals, and conducting independent research trying to determine how to make all the changes necessitated by the Court's ruling, including obtaining both cost and timing estimates for certain changes to existing advertisements, restaurant material, which may include but not necessarily be limited to food menus, drink menus, plates, napkins, business cards, table placards, uniforms, and sundry other restaurant accessories.

8. Although I have received estimates, proposals, or invoices from certain of the entities with whom I spoke between August 12 and August 22, I am still awaiting certain other estimates or proposals from other entities.

9. Attachment "A" hereto is a true and correct copy of a proposal from ARIA Signs & Designs dated December 21, 2020, which states the current signage was created, delivered, and installed for approximately $37,000, which would also be the approximate cost to create, deliver, and install new signage that does not use the word "bisou".

10. If Defendants choose to hire ARIA Signs & Designs, that change is estimated to be completed by September 1, 2021.

11. Attachment "B" hereto is a true and correct copy of an invoice from Wes Walz Media dated August 17, 2021, which indicates it will cost $10,000 for a limited redesign of the current website so that the word "bisou" is not used.

12. If Defendants choose to hire Wes Walz Media, that change is estimated to be completed by September 1, 2021.

13. Attachment "C" hereto is a true and correct copy of an invoice dated August 18, 2021, from the law firm of Monshaugen & Van Huff, P.C., which indicates that it will cost Defendant $20,000 for changing all names that use the word "bisou" and applying for a new trademark that does not use the word "bisou".

14. Those changes are estimated to be completed by October 5, 2021.

15. Attachment "D" hereto is a true and correct copy of an estimate from Agency DNA / KR Creative dated August 24, 2021, which indicates that it will cost an additional $62,000 for a comprehensive recreating, rebranding, redesigning, remarketing, and repackaging to ensure the word "bisou" is not used in any way that violates the Court's order.

16. If Defendants choose to hire Agency DNA / KR Creative, that change is estimated to be completed by September 1, 2021.

17. Attachment "E" hereto is a true and correct copy of a redacted correspondence sent by Plaintiff's counsel to Defendants' counsel dated August 23, 2021, which lists various alleged examples of non-compliance with the Court's ruling and demands that Defendants cease certain activity or perform certain actions to allegedly come in compliance with the Court's ruling.

18. I estimate the miscellaneous cost to ensure the word "bisou" is not used in any manner that violates the Court's ruling, which may include some, all, or even other items in addition to those listed in Plaintiff's correspondence is approximately $11,000.

19. Those changes are estimated to be completed by September 1, 2021_.

20. The above-listed costs do not include an amount for my own individual research and using current employees, staff, friends or family to help me remove the word "bisou" from items that I or they can do without professional assistance.

21. I therefore estimate that complete adherence to the Court's ruling will cost the defendants approximately $140,000.

22. The costs associated with not using the word "bisou" in Houston have not been calculated, nor will they be unless Defendants are separately ordered by the Court to do so.

I declare the foregoing to be true under the penalty of perjury on the 26 day of August, 2021.

/s/ _____
Justin Zachariah Truesdell