# Attachment E

**FISH.**
FISH & RICHARDSON

<u>VIA E-MAIL</u>

August 23, 2021

Kenneth P. Kula
Buether Joe & Counselors, LLC
1700 Pacific, Suite 4750
Dallas, TX 75201
ken.kula@bjciplaw.com

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

**David B. Conrad**
Principal
Conrad@fr.com
+1 214 760 6158  direct

Re:   *Bisous Bisous LLC v. The Cle Group, LLC*, Case No. 3:21-cv-01614-B

Dear Ken:

Thank you for your email.

We appreciate your interest in resolving this matter quickly.

While we provide a counter to your proposal below and hope to ultimately reach a resolution, our greatest concern at this moment is how your clients will remedy their blatant violations of the injunction. Aside from a few surface-level changes online, your clients have continued to use BISOU to promote and operate their restaurant despite the Court's clear mandate in the Preliminary Injunction Order, and after we raised your clients' lack of compliance last week.

For example, your clients are continuing to operate and advertise their restaurant with multiple BISOU signs prominently displayed at both the exterior and interior of the restaurant. They also proceeded to hold their "Grand Opening" on Wednesday using BISOU branded menus and other materials while restaurant staff greeted customers by welcoming them "to 'Bisou.'" And while your clients made changes online, they are incomplete. Two "stories" on the "Cle SupperClub" @cledtx Instagram account and "Cle Restaurant" @cledtx Facebook account posted just last Thursday displayed an image of the neon BISOU signage on the restaurant and provide the email address contact@bisoudallas.com for reservations. These recent activities have caused additional instances of confusion—the very irreparable harm that the Preliminary Injunction Order is intended to prevent. If your clients are unable to remove BISOU from their signage and physical materials immediately, they can easily cover it up as a temporary solution.

While it is your clients' responsibility to ensure compliance with the Preliminary Injunction Order, we are aware of at least the following further examples of non-compliance that we bring to your attention:

1. Use of BISOU on physical items used in the restaurant and to advertise or promote the restaurant, including e.g., menus and business cards.

2. Verbally referring to the restaurant as "Bisou," such as when answering the phone and greeting customers.

fr.com

**App. 12**

Kenneth P. Kula
August 23, 2021
Page 2

3. Use of BISOU on *captions* of social media posts under your clients' control, e.g., their use of #Bisou and #BisouDallas hashtags.

4. Social media posts under your clients' control that display BISOU signage, menus, or other physical materials—including in a post made *today*.

5. Use of BISOU Dallas on The Cle Group's LinkedIn page.

6. Use of BISOU on your clients' claimed Yelp page at https://www.yelp.com/biz/bisou-dallas including references to BISOU and the use of www.bisoudallas.com and any @bisoudallas.com email addresses.

7. Use of BISOU on your clients' RESY page at https://resy.com/cities/dfw/bisou-uptown (that confusingly depicts Bisous Bisous on the Google map image on that same page).

8. Use of BISOU on the DFW Restaurant Week website and other promotional materials, including at https://www.audacy.com/dfwrestaurantweek/restaurants#home/participating-restaurants/restaurant-details4/61017cc03073a600229b4c31/ and the BISOU branded menu linked below.

9. Use of BISOU on images provided by your clients to third party webpages under their control, including e.g., the image of a BISOU branded menu on the "Cle Supper Club" Google Business Profile uploaded by your clients and the BISOU branded restaurant week menu at https://www.audacy.com/dfwrestaurantweek/restaurants#home/participating-restaurants/restaurant-details4/61017cc03073a600229b4c31/kn-asset/14-24-15-6111107b4a98e9001ee56124/bisou_menu_dfwrestaurantweek.pdf.

10. Use of @bisoudallas.com email addresses to conduct business for the restaurant, e.g., to take reservations or promote the restaurant.

This list is not exhaustive, and we note that it is your clients who are the most knowledgeable about the extent of their use of BISOU. In light of this, we would like to discuss what efforts your clients are making to address these remaining uses, including whether they have coordinated with third parties whose assistance may be needed to make certain changes, such as removing all references to BISOU on the DFW Restaurant Week website and Resy.com.

Perhaps your clients' slow progress in changing the BISOU name is due in part to their hope that a quick settlement is achievable, but that is not an excuse for failing to comply with the Court's Order. It also implies that your clients expect to be able to continue to use BISOU, which is an unrealistic expectation based on their proposal.

In response to your clients' settlement proposal, Bisous Bisous responds as follows:

**App. 13**

Kenneth P. Kula
August 23, 2021
Page 3



While we remain hopeful about settlement, your clients' proposal is disproportionate to the harm their actions have already caused and will continue to cause by failing to comply with the Preliminary Injunction Order. It also fails to consider our comments during last Thursday's call. In light of these things, we propose a call to further discuss a potential resolution and to serve as the parties' Local Rule 7.1 conference. Please let us know if you are available on Wednesday, August 25, 2021 at 9:30 AM CT.

Very truly yours,

/s/ David B. Conrad

David B. Conrad