IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE CLE GROUP, LLC,<br>BISOU UPTOWN MANAGER, LLC, and<br>JOHN DOES 1–10,<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-01614-B |

**BISOUS BISOUS LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY
DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS**

**Table of Contents**

I.     DEFENDANTS' VIOLATIONS OF THE PRELIMINARY INJUNCTION ORDER ..... 1

    A.   Defendants' Online Use and Promotion of BISOU ................................................. 2

    B.   Defendants' Continued Operation of Their Restaurant as BISOU ........................ 7

II.    DEFENDANTS' VIOLATIONS HAVE LED TO CONSUMER CONFUSION ........... 11

III.   ARGUMENT AND AUTHORITIES .................................................................................. 13

    A.   Legal Standard for Civil Contempt .................................................................... 13

    B.   The Court Should Hold Defendants in Contempt ................................................ 14

    C.   Defendants' Contemptuous Conduct Warrants Sanctions .................................... 18

IV.    LR 7.1 CERTIFICATE OF CONFERENCE ..................................................................... 19

V.     CONCLUSION .................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chao v. Transocean Offshore, Inc.*,
  276 F.3d 725 (5th Cir. 2002) ................................................................................17

*Mary Kay Inc. v. Designs by Deanna, Inc.*,
  No. 3:00-CV-1058-D, 2013 WL 6246484 (N.D. Tex. Dec. 3, 2013).........................14, 17, 18

*Mendoza v. Regis Corp.*,
  No. SA01CA0937FB(NN), 2005 WL 1950118 (W.D. Tex. Aug. 11, 2005), *report and recommendation adopted sub nom. Del Carmey v. Regis Corp.*, No. SA-01-CA-937-FB, 2005 WL 8157461 (W.D. Tex. Sept. 30, 2005).......................................................18

*Petroleos Mexicanos v. Crawford Enters.*,
  826 F.2d 392 (5th Cir. 1987) ................................................................................14

*U. S. Steel Corp. v. United Mine Workers of Am., Dist. 20*,
  598 F.2d 363 (5th Cir. 1979) ................................................................................14

*United States v. Rylander*,
  460 U.S. 752 (1983)..............................................................................................14

*Whitcraft v. Brown*,
  570 F.3d 268 (5th Cir. 2009) ................................................................................14

*Whitfield v. Pennington*,
  832 F.2d 909 (5th Cir. 1987) ................................................................................13

Plaintiff Bisous Bisous LLC ("Bisous Bisous") moves the Court for an order to show cause why Defendants should not be held in civil contempt of the Court's August 16 Memorandum Opinion and Order granting a preliminary injunction ("8/16 Order"). As stated in that 8/16 Order:

> Cle, Bisou Uptown, and anyone acting in concert with them, are **PRELIMINARILY ENJOINED** from using the term "Bisou" in association with restaurant services and food and/or beverage products, including advertising for the same, in Dallas, Texas.[1]

Despite the Court's clear mandate, Defendants—and others working with them—have dragged their feet, and continued to use the term BISOU to advertise and operate their restaurant in Dallas. Not surprisingly, and as detailed herein, Defendants' continued violations of the injunction have caused additional instances of confusion with Bisous Bisous—the very irreparable harm that the 8/16 Order is intended to prevent.

In light of the continued instances of actual confusion and resulting irreparable harm to Bisous Bisous, Bisous Bisous seeks the Court's immediate assistance in obtaining Defendants' full compliance with the 8/16 Order by holding them in contempt. Given the risk for new violations of the 8/16 Order, Bisous Bisous respectfully requests an expedited briefing schedule so that Defendants must respond by Wednesday, September 1, 2021, and for the Court to set a hearing as soon as one can be scheduled. While lead counsel for both parties are travelling next week, the undersigned proposes a telephonic hearing on Thursday or Friday, September 2 or 3, or an in person hearing on Tuesday, September 7. Bisous also moves for its attorneys' fees and costs spent to investigate Defendants' non-compliance with the 8/16 Order and to bring this motion to obtain Defendants' full compliance.

## I.    DEFENDANTS' VIOLATIONS OF THE PRELIMINARY INJUNCTION ORDER

It has been more than two weeks since the Court granted Bisous Bisous's motion for a

---

[1] Dkt. 45 at 30–31.

1

preliminary injunction on the record at the August 11, 2021 hearing and eleven days since the Court entered the 8/16 Order.  Although Defendants have made some superficial changes in the past few days, they have never fully complied with the Order and in fact have continued to use the BISOU mark in a manner that has caused confusion.

### A.  Defendants' Online Use and Promotion of BISOU

With knowledge that the Court granted in part Bisous Bisous's motion on August 11 and that a written order would follow,[2] Defendants nevertheless created and posted new advertisements for BISOU—including on August 11, when the then-named "Bisou Dallas" (@bisoudtx) Instagram account published a new post advertising the August 15 launch of "#Bisou Brunch Party Sundays."[3]  On August 12–13, Defendants posted three "stories" (i.e., posts displayed for 24 hours) on Instagram, all of which prominently included the BISOU name, including advertisements for the August 18 "Grand Opening" of BISOU, and another advertisement for "#Bisou Brunch Party Sundays."  Two of these posts provided the email address contact@bisoudallas.com for reservations and the bisoudallas.com website link.[4]  On August 14, Defendants' posted another advertisement for their "#Saturday #Brunch" at #BisouDallas," which again included a link to bisoudallas.com.[5]

The Court's 8/16 Order did not stop this behavior.  Defendants' active violations of the 8/16 Order began just *hours **after*** the Order was issued on August 16, when a new promotional post appeared on the "Bisou Dallas" Instagram account advertising BISOU and a contest to win a "$100 BISOU GIFT CARD" for use at the restaurant on August 18.[6]

---

[2] Dkt. 44 (minute entry for August 11, 2021 proceedings).
[3] App. at 14 (Ex. A, 8/12 Instagram screenshot)
[4] *Id.* at 15–17 (Ex. A, 8/13 Instagram screenshots)
[5] *Id*. at 18 (Ex. A, screenshot of 8/14 Instagram post)
[6] *See* Appendix at 20 (Ex. B, 8/16 Instagram screenshot).

And the day after the Court's 8/16 Order on August 17, Defendants posted several advertisements prominently displaying BISOU, including their ad for the August 18 "Grand Opening" of BISOU on the "Bisou Dallas" Instagram and Facebook accounts:[7]



Although the Court enjoined Defendants *and* "anyone acting in concert with them," social media accounts related to the Defendants such as the @bisouhouston Instagram account and

---

[7] *See id*. at 21–22 (Ex B, 8/17 Instagram and Facebook screenshots).

@salimdehkordi Instagram account (which appears to belong to Salim Dehkordi, Manager of Defendant The Cle Group) reposted this same "Grand Opening" advertisement on August 17, 2021.[8]  Defendants posted other Instagram and Facebook stories on August 17, 2021, including one featuring the BISOU sign that was still displayed at the restaurant on McKinney Avenue at least until around August 25, 2021.[9]

Bisous Bisous outlined these blatant violations, as well as Defendants' continued use of BISOU on the website at www.bisoudallas.com and in the associated email address contact@bisoudallas.com[10] in a letter to and a phone call with Defendants' counsel on August 17, 2021.[11]  Only after this did Defendants change their Instagram username to "Clé SupperClub" (@cledtx) and Facebook username to "Cle Restaurant" (@cledtx).  Yet despite these superficial changes, Defendants still continued using the mark BISOU to identify their restaurant, as seen in the *new ads* that display BISOU on these 'renamed' accounts.[12]  Below is an example of an image of their restaurant that Defendants posted on their "Clé SupperClub" Instagram account *just days ago*, which appeared on that account during August 23–24, 2021, showing that Defendants still use the BISOU mark:[13]

---

[8] *See* App. at 28–29 (Ex. C, 8/17 Instagram screenshots).
[9] *See* App. at 23–26 (Ex. B, 8/17 Facebook and Instagram screenshots).
[10] *See* App. at 30 (Ex. D, screenshot of Defendants' website on August 18).
[11] *See* App. at 32–33.
[12] App. at 38–43 (Ex. F, Defendants' social media posts as shown on 8/19–8/27).
[13] *Id.* at 40–41 (8/24 Instagram and Facebook screenshots).



As recently as *yesterday*—during or right after counsel for the parties were conducting a telephonic meet and confer—Defendants posted a story on their Instagram account (still visible this afternoon) that features their continued use of the BISOU logo on menus provided to customers

and other places inside their restaurant:[14]



---

[14] *Id.* at 42–43 (8/26 and 8/27 Facebook and Instagram posts).

6

Defendants also continue to use "Bisou" to advertise their restaurant on these accounts through previously-uploaded posts and images that are still visible to the public today that use BISOU in captions and as hashtags (e.g., #BisouDallas), display BISOU signage and other physical advertising pieces like menus, and/or solicit reservations to the email address contact@bisoudallas.com.[15]  Further, despite changing their Instagram and Facebook usernames, Defendants continue to identify their restaurant as "**bisou CONTINENTAL CUISINE**" in the "bio" line of their Instagram page and in the "About" page on their Facebook page.[16]  Defendants have further failed to eliminate their use of BISOU on their "claimed" "Bisou" Yelp page, which also displays the bisoudallas.com URL; on their "Cle Supper Club" Google Business Profile, which still includes several images featuring BISOU uploaded by Defendants; and on The Cle Group's LinkedIn page that claims "Bisou Dallas" is "Coming Soon."[17]

Given Defendants' persistent use of BISOU, it is no surprise that consumers also continue to call Defendants' restaurant "Bisou" on social media[18] and, generally speaking, still identify Defendants' restaurant with the name BISOU.  And as noted above and discussed below, the result is that consumers continue to be confused between BISOU and BISOUS BISOUS.[19]

### B.    Defendants' Continued Operation of Their Restaurant as BISOU

The surface-level changes Defendants made in renaming their social media accounts are not only stifled by their posts to those accounts and "bios" that continue to identify their restaurant as BISOU—they are effectively negated by Defendants' continued operation of their Dallas

---

[15] *See, e.g.*, App. at 45–54 (Ex. G, examples of Instagram and Facebook posts as viewed on 8/27).
[16] App. at 56–58 (Ex. H)
[17] App. at 60–68 (Ex. I, screenshots taken on August 27 from Defendants' "Bisou" Yelp page, "Cle Supper Club" Google Business Profile, and The Cle Group LinkedIn page).
[18] *See, e.g.*, App. at 70–79 (Ex. J, third-party Instagram posts location tagged at "Cle Restaurant" that reference "Bisou," "#bisou," and "#bisoudtx").
[19] *See, e.g.*, App. at 95–101 (compilation of Instagram posts mis-tagged for Bisous Bisous Patisserie).

restaurant as BISOU.  Physical signage within the restaurant, menus, and printed marketing material featuring BISOU have been in continuous use by Defendants and their employees. Defendants launched their weekend "#Bisou Brunch" parties after the 8/11 hearing, held their "Grand Opening" on August 18 using BISOU throughout the restaurant (and advertised it on social media, as discussed above), and participated in the month-long DFW Restaurant Week with a special BISOU branded menu.[20]  As described in the Declaration of Dane Peterson, who visited Defendants' restaurant on August 18, 2021, BISOU was displayed prominently in and outside the restaurant on that date, including on three different types of menus and a large lighted sign by the bar; it was also on a business card for the Assistant General Manager.[21]  Both the valet attendant and Mr. Peterson's waiter called the restaurant "Bisou."[22]  Below is a photo of the signage displayed outside the front entrance of the restaurant on the night of August 18:

---

[20] *See* App. at 86–87 (third-party social media posts from Defendants' 8/18 "Grand Opening"); *id.* at 84 (Ex. K, BISOU branded Dallas Restaurant Week Dinner Menu).  For at least week after the Court issued the 8/16 Order, consumers were able to book reservations for "Bisou Uptown" online at Resy.com, including for restaurant week.  *See* App. at 81–83 (Ex. K, Resy.com screenshot from 8/23).
[21] App. at 107–108 (Declaration of Dane Peterson ¶¶ 5, 7, 9–12 and Exs. 1–5).
[22] *Id.* at 107 (Peterson Decl. ¶¶ 5, 8).



These violations of the 8/16 Order continued even after Bisous Bisous again raised Defendants' continuing use of BISOU to their counsel in a letter dated August 23.[23]   As shown below, a video posted by a consumer on **August 25** shows multiple BISOU signs showcased at the exterior and interior of the restaurant—just *two days ago*:[24]

---

[23] *See* App. at 34–36 (redacted 8/23 letter).
[24] App. at 86–93 (Ex. L, third-party social media posts evidencing use of BISOU branded materials 8/18–8/25).



Defendants' use of BISOU branded materials including menus and photo props have been exhibited in consumers' social media posts—including in the video from *two days ago*.[25]   Below are excerpts from two such posts:

 

To be clear, Defendants have been disseminating BISOU promotional materials in their Dallas restaurant—like the cardboard "crown" shown above—that were likely inexpensive, are easily

---

[25] *Id.*

disposed of, or may be used in Defendants' other location in Houston despite the 8/16 Order.  It also appears clear that Defendants failed to advise their staff of their obligation to cease use of BISOU.  For example, as recently as August 23, restaurant staff continued to call the restaurant BISOU by answering the phone with "thanks for calling 'Bisou Dallas.'"[26]

All of the above-described activity is in violation of the 8/16 Order.

## II.   DEFENDANTS' VIOLATIONS HAVE LED TO CONSUMER CONFUSION

Defendants' recent uses of BISOU in association with their Dallas restaurant have led to further consumer confusion.  As foreshadowed at the hearing about the confusion that the then-forthcoming August 18 "Grand Opening" would cause, *dozens* of individuals have mistakenly called or visited BISOUS BISOUS looking for Defendants' BISOU or tagged photos of themselves at Defendants' restaurant using the geo-location tag for *Bisous Bisous Patisserie*.[27]

Between August 13 and August 25, BISOUS BISOUS received at least 27 calls from individuals seeking the BISOU restaurant.[28]  Most of the callers asked to make reservations—which BISOUS BISOUS does not take—including one caller who was seeking to adjust a reservation they had *already* made with *Defendants'* restaurant.[29]  One individual called because their gift card was not processing for BISOU restaurant.[30]  Other callers asked about dinner, brunch, and whether the restaurant was kid friendly.[31]  In addition to these misdirected calls, at least two individuals physically visited BISOUS BISOUS when they intended to go to BISOU

---

[26] App. at 119 (Meyer Decl. ¶ 9).
[27] App. at 95–101 (Ex. M, third-party Instagram posts showing Defendants' restaurant but tagged for the location of "Bisous Bisous Patisserie")
[28] App. at 117-119 (Declaration of Matt Meyer ("Meyer Decl."), ¶¶ 4–7)
[29] *Id.* at 118.
[30] *Id.*
[31] *Id.*

instead, including a health inspector looking for "Bisou Uptown" on August 26.[32]

Defendants' customers have also continued to mistakenly tag photos of themselves on social media using Bisous Bisous' geo-location tag, populating Bisous Bisous' social media pages with photos and activity not associated with the bakery.[33]  As recently as August 25, a customer at Defendants' restaurant did not make one mistake about the mark but two: tagging both the geo-location for Bisous Bisous Patisserie *and* the additional step of tagging Bisous Bisous's @bisousbisouspatisserie Instagram account in the photo:



As a result, Instagram users looking for photos of Bisous Bisous will see photos of Defendants' restaurant (highlighted in red below) mixed in with photos of Bisous Bisous's bakery and pastries,

---

[32] App. at 119 (Meyer Decl. ¶ 8).
[33] App. at 95–101 (Ex. M).

fostering further confusion.



Making matters worse, three of these erroneously tagged photos became part of the only twelve "Top posts" highlighted at the top of Bisous Bisous's location page on August 25.[34]

## III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Civil Contempt

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).  "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence (1) that a court order

---

[34] *See* App. at 103 (Ex. N, screenshot of the Instagram location page for Bisous Bisous Patisserie at https://www.instagram.com/explore/locations/419600349/bisous-bisous-patisserie/).

was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271–72 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "The relevant conduct need not be willful so long as Respondents actually failed to comply with the court's order." *Mary Kay Inc. v. Designs by Deanna, Inc.*, No. 3:00-CV-1058-D, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

After the movant has shown a *prima facie* case, the respondent may defend against it by showing its substantial compliance with the court order or a present inability to comply. *U. S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979); *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). However, the respondent must meet its burden of production. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

### B.      The Court Should Hold Defendants in Contempt

The first element of civil contempt is easily met by the Court's 8/16 Order (Dkt. 45). The 8/16 Order has been in place since August 16 and is still in full force and effect.

The second element, that the order required certain conduct by the respondent, is also established by the 8/16 Order, which "**PRELIMINARILY ENJOINED**" Defendants "and anyone acting in concert with them" from: "using the term 'Bisou' in association with restaurant services and food and/or beverage products, including advertising for the same, in Dallas, Texas."[35]  *See Mary Kay Inc.*, 2013 WL 6246484, at *5 (second element of civil contempt established by clear and convincing evidence that the injunction at issue "specifically prohibits Respondents 'from making, using or selling any clothing or other goods bearing any name or mark

---

[35] Dkt. 45 at 30–31.

confusingly similar to the MARY KAY Marks and/or Pink Trade Dress, ... without the prior express written consent of Mary Kay.'").

With respect to the third element, the respondent's failure to comply with the order, as detailed above and in the attached Appendix, Defendants continue to use BISOU in connection with their Dallas restaurant and advertising for the same.  Defendants not only failed to comply with the 8/16 Order in a timely manner, they actually *increased* their use of BISOU with *new* posts displaying BISOU on social media including as recently as *yesterday*.  Defendants' belated and superficial effort to change their restaurant's name to "Cle Supper Club" or "Cle Restaurant" in some aspects of social media is negated by their continued use of BISOU elsewhere, both online and at the restaurant.  To summarize, as of the filing of this motion, and to the best of Bisous Bisous's information and belief, at least the following uses of BISOU by Defendants remain in violation of the 8/16 Order:

1. Use of BISOU on physical items used in the restaurant and to advertise or promote the restaurant including, e.g., on menus and photo props;

2. Use of BISOU on captions of social media posts under Defendants' control, e.g., their use of #Bisou and #BisouDallas hashtags;

3. Social media posts under Defendants' control that display BISOU signage, menus, or other physical materials;

4. Use of "Bisou Dallas" on The Cle Group's LinkedIn page;

5. Use of BISOU and bisoudallas.com on the "claimed" Yelp page at https://www.yelp.com/biz/bisou-dallas;

6. Use of BISOU on images, including a BISOU branded menu, on Defendants' "Cle Supper Club" Google Business Profile;

7. Use of the contact@bisoudallas.com email address to conduct business for the restaurant, e.g., to take reservations or promote the restaurant;

8. Use of "bisou CONTINENTAL CUISINE" on the "Cle Supper Club" Instagram page and the "Cle Restaurant" Facebook "About" page.[36]

Such continued uses—most of which can be removed immediately by Defendants and should have been done so long ago—show contempt for the Court and the 8/16 Order.

Defendants do not and cannot deny that they are still using BISOU.  In a declaration filed in support of Defendants' Motion for Bond today, the testimony of Justin Zachariah Truesdell concerning the changes needed "to ensure the word 'bisou' is not used in any manner that violates the Court's ruling, which may include some, all, *or even other items in addition to those listed in Plaintiff's correspondence* [dated August 23]" indicate that those changes have not yet been completed.[37]  While Bisous Bisous understands that some of these changes might take time because they may require coordination with a vendor, to date, Defendants have not provided any evidence that their compliance with the 8/16 Order is presently impossible. Many of their continuing violations identified in this Motion would take minutes to correct. And, of course, Defendants could easily stop posting new BISOU promotional content.  Further, Defendants have not even decided what vendors to hire to make major changes, e.g., to replace the BISOU signage, and are "still awaiting certain other estimates or proposals from other entities." *Id*.  In light of this,

---

[36] Although Defendants uses BISOU on these pages to state that "*bisou CONTINENTIAL CUISINE*" is "not affiliated with" or "sponsored by" Bisous Bisous Patisserie, this statement reinforces the identity of Defendants' restaurant as BISOU.  If the restaurant's name has changed to "Cle Supper Club" or "Cle Restaurant," as Defendants will claim, there would be no reason for such a disclaimer. The disclaimer also serves to perpetuate confusion and is a clear example of how Defendants are still latching on to the BISOU name.

[37] Dkt. 53-1 (Declaration of Justin Zachariah Truesdell, ¶¶ 18–19 (emphasis added)).  This declaration also makes clear that Bisous Bisous and their counsel do not know the full extent of Defendants' continuing infringement and contempt.

Defendants' estimate that all changes needed to comply with the Court's order will be completed by September 1, 2021 is highly doubtful.

There is no excuse for the continued online uses of BISOU that are within Defendants' control, e.g., the Instagram and Facebook posts and stories.  In fact, Defendants appear to have selectively deleted some social media posts displaying BISOU while choosing to leave others as is.  As a result, Defendants' advertisements under the name BISOU and solicitation for reservations through the email address at contact@bisoudallas.com have continued uninterrupted.

Within the restaurant, Defendants could at least cover up their use of BISOU on physical items such as menus and table placards until they receive replacements without BISOU and simply cease using other minor BISOU branded items such as napkins and paper photo props given to customers as recently as two days ago.  Defendants could also easily remove or turn off the BISOU branded screensaver and electronic displays in the restaurant.

The defense of substantial compliance is also inapplicable to Defendants.  The fact remains that Defendants have been in direct violation of the 8/16 Order since the date of its issuance.  *See Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002) ("Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order."); *Mary Kay Inc.*, 2013 WL 6246484, at *5 (holding defendant in contempt and stating "[t]he fact that [defendant] stopped selling the [infringing] merchandise at the Conference after being told to do so is similarly inapposite on the issue of civil contempt" despite defendant's claim that she attempted to but was unsuccessful in removing advertisements for the same on the internet).  So long as Defendants continue operating their restaurant using BISOU branded materials and advertising their restaurant with the enjoined term BISOU, Defendants are not in substantial compliance with the 8/16 Order.  At best, Defendants' actions "reflect only a casual effort to

comply" with the preliminary injunction. *Mendoza v. Regis Corp.*, No. SA01CA0937FB(NN), 2005 WL 1950118, at *4 (W.D. Tex. Aug. 11, 2005), *report and recommendation adopted sub nom. Del Carmey v. Regis Corp.*, No. SA-01-CA-937-FB, 2005 WL 8157461 (W.D. Tex. Sept. 30, 2005) (finding evidence of only a casual effort to comply "compels a finding of contempt" and recommending an award of plaintiff's attorneys' fees and expenses).

The clear and convincing evidence shows that the Court's 8/16 Order is in effect, that the order prohibits Defendants from using BISOU in association with their Dallas restaurant, and that Defendants have failed and continue to fail to comply with the order. Accordingly, the Court should hold Defendants in contempt.

### C.    Defendants' Contemptuous Conduct Warrants Sanctions

"Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Mary Kay Inc.*, 2013 WL 6246484, at *4. These sanctions may include a requirement that the contemnors pay reasonable attorneys' fees incurred by the moving party in obtaining the contempt finding. *Id.* (citing *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("the discretion to award attorneys' fees[] must be left to a court in the enforcement of its decrees).

Bisous Bisou and its counsel have spent a significant amount of time, energy, and money over the last ten days monitoring and investigating Defendants' use of BISOU, collecting evidence of such use, including by working with a private investigator, reporting to and meeting and conferring with Defendants' counsel on this issue, and preparing this filing. Bisous Bisou seeks reimbursement of its fees and costs incurred as a result of Defendants violations of the 8/16

Order, which total approximately $39,500.[38]  Respectfully, Bisous Bisous intends to update that number and provide appropriate copies of invoices at the hearing on this motion.

## IV.    LR 7.1 CERTIFICATE OF CONFERENCE

Although it is Defendants' responsibility to ensure compliance with the Preliminary Injunction Order, Bisous Bisous witnessed non-compliance and used its own resources to identify and inform Defendants' counsel of specific examples of Defendants' non-compliance including in detailed letters dated August 17 and August 23, 2021.  Counsel for the parties also discussed Defendants' non-compliance with the 8/16 Order during calls on August 17 and 19, 2021.  Given Defendants' continued failure to comply with the injunction, and the fact that Defendants are the most knowledgeable about the extent of their use of BISOU, Bisous Bisous' counsel requested another call with Defendants' counsel to discuss the matter.  Importantly, counsel identified numerous specific instances of non-compliance and requested a written explanation of what Defendants are doing to address each violation noted in the August 23, 2021 letter.

No written report was provided, but counsel for the parties participated in a telephonic meet and confer on Thursday, August 26, 2021 during which Defendants' counsel advised that his clients had started on the "easier" compliance tasks first.  Yet, after that meet and confer, counsel for Bisous Bisous noticed that Defendants had posted evidence of use of the BISOU mark to their social media *during or immediately after counsels' meet and confer*.  With this clear indication that Defendants are not taking the Court's 8/16 Order as seriously as it should, Bisous Bisous's counsel sent a follow-up email to Defendants' counsel that same day, noting this social media post and an expectation of Defendants' full compliance with the 8/16 Order.  Defendants' counsel responded to that email on August 26, 2021, but did not address the matter of non-compliance.

---

[38] *See* App. at 9–11 (Conrad Decl., ¶¶ 11–24).

Due to Defendants' continuing failure to adequately address their non-compliance over the last ten days or commit to adhering to the 8/16 Order after numerous letters, email requests and meet and confer calls, Bisous Bisous understands that Defendants oppose this motion.  In light of the urgency of this matter, Bisous Bisous respectfully submits that Defendants' refusal to directly discuss each concern about Defendants' efforts to comply has left Bisous Bisous with no choice but to seek the Court's assistance.

## V.      CONCLUSION

For the foregoing reasons, Bisous Bisous requests that the Court order Defendants to show cause why the Court should not hold them in contempt of the 8/16 Order and impose sanctions against Defendants in the form of Bisous Bisous's attorneys' fees and costs spent to investigate Defendants' non-compliance with the 8/16 Order and to bring this motion.  Bisous Bisous also respectfully requests a hearing as soon as it is convenient for the Court.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: August 27, 2021

By: */s/ David B. Conrad*
    David B. Conrad
    Texas Bar No. 24049042
    conrad@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

    Kristen McCallion (*admitted pro hac vice*)
    mccallion@fr.com
    Vivian Cheng (*admitted pro hac vice*)
    cheng@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Telephone: (212) 765-5070
    Facsimile: (212) 258-2291

    *Attorneys for Plaintiff*
    BISOUS BISOUS LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 27, 2021, a true and correct copy of the

foregoing document has been filed with the clerk of court for the U.S. District Court, Northern

District of Texas and served on all counsel of record who are deemed to have consented to

electronic service via the Court's CM/ECF system.

Dated: August 27, 2021                                  */s/ David B. Conrad*
                                                         David B. Conrad