IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>THE CLE GROUP, LLC,<br>BISOU UPTOWN MANAGER, LLC, and<br>JOHN DOES 1–10,<br><br>   Defendants. | Case No. 3:21-cv-01614-B |

**DECLARATION OF DAVID B. CONRAD**

1. My name is David B. Conrad. I am over 18 years of age, of sound mind, have not been convicted of a felony, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I am a Principal with the law firm of Fish & Richardson P.C. and counsel for Plaintiff, Bisous Bisous LLC. It is in that capacity that I have personal knowledge of this case and the work performed.

<u>Evidence of Defendants' Continuing Use of BISOU</u>

3. Attached as <u>Exhibit A</u> is a collection of true and correct copies of screenshots taken on August 12-14, 2021 from the "Bisou Dallas" @bisoudtx Instagram and @bisoudtx Facebook accounts.

6

4. Attached as Exhibit B is a collection of true and correct copies of screenshots taken on August 16–17, 2021 from the "Bisou Dallas" @bisoudtx Instagram and @bisoudtx Facebook accounts.

5. Attached as Exhibit C is a collection of true and correct copies of screenshots captured on August 17, 2021 from the @bisouhouston and @salimdehkordi Instagram accounts.

6. Attached as Exhibit D is a true and correct copy of the webpage at https://bisoudallas.com/about/ captured on August 18, 2021.

7. Attached as Exhibit E are copies of a letter dated August 17, 2021 and a partially redacted letter dated August 23, 2021 from me to Defendants' counsel, Ken Kula.

8. Attached as Exhibit F is a collection of true and correct copies of screenshots captured on August 19–27 2021 from the "Clé SupperClub" (@cledtx) Instagram and the "Cle Restaurant" (@cledtx) Facebook accounts showing recent uses of BISOU.

9. Attached as Exhibit G is a collection of true and correct copies of screenshots of previously-uploaded posts from the "Clé SupperClub" (@cledtx) Instagram and "Cle Restaurant" (@cledtx) Facebook accounts taken on August 27, 2021.

10. Attached as Exhibit H are true and correct copies of a screenshot of the "About" page of the "Cle Restaurant" (@cledtx) Facebook account and a screenshot of the "Clé SupperClub" (@cledtx) Instagram page taken on August 27, 2021.

11. Attached as Exhibit I is a collection of true and correct copies of screenshots taken on August 27, 2021 of the "BISOU" Yelp page at https://www.yelp.com/biz/bisou-dallas, "Cle Supper Club" Google Business Profile, which appears in the right sidebar when searching for "cle supper club dallas" on Google, and The Cle Group LinkedIn page at https://www.linkedin.com/company/clegrouphtx/about/.

7

12. Attached as Exhibit J is a collection of true and correct copies of screenshots of public, third-party Instagram and Facebook posts that use the terms "Bisou," "#bisou," and "#bisoudtx" that were location tagged at "Cle Restaurant" or "Uptown Dallas" on August 20–24, 2021.

13. Attached as Exhibit K are true and correct copies of a screenshot taken on August 23, 2021 from the "Bisou Uptown" RESY page at https://resy.com/cities/dfw/bisou-uptown?date=2021-08-24&seats=3 and a screenshot of a BISOU branded menu downloaded on August 27, 2021 from https://www.audacy.com/dfwrestaurantweek/restaurants#home/participating-restaurants/restaurant-details4/61017cc03073a600229b4c31/kn-asset/14-24-15-6111107b4a98e9001ee56124/bisou_menu_dfwrestaurantweek.pdf, which was linked on the page at https://www.audacy.com/dfwrestaurantweek/restaurants#home/participating-restaurants/restaurant-details4/61017cc03073a600229b4c31/ as of August 23, 2021.

14. Attached as Exhibit L is a collection of true and correct copies of screenshots of public, third-party Instagram and Facebook posts that show use of BISOU branded materials August 18–25, 2021.

15. Attached as Exhibit M is a collection of true and correct copies of screenshots of public, third-party Instagram posts. These appear to show consumers at Defendants' restaurant and not Bisous Bisous Patisserie, yet are tagged by the poster with the geo-location for "Bisous Bisous Patisserie."

16. Attached as Exhibit N is a true and correct copy of an excerpt of the Instagram location page for "Bisous Bisous Patisserie" at

8

https://www.instagram.com/explore/locations/419600349/bisous-bisous-patisserie/ taken on August 25, 2021.

Plaintiff's Request for Reimbursement of Fees and Costs

17.    Since August 16, 2021, the date the Court issued its preliminary injunction order against Defendants, up to the current date, Plaintiff has incurred expenses in the form of attorneys' fees and costs resulting from Defendants' non-compliance with the order.  In particular, fees and costs have resulted from (i) my firm's investigation into Defendants' continuing use of BISOU, collection of evidence, communications (emails, letters, and phone calls) with Defendants' counsel concerning Defendants' non-compliance; (ii) the preparation of the present motion for contempt; and (iii) a private investigator who went to Defendants' restaurant who also collected and recorded Defendants' use of BISOU after the Court's August 16 Memorandum Opinion and Order granting a preliminary injunction (the "PI Order").  The work in (i) and (ii) is collectively referred to below as the Investigation and Motion.

18.    BISOUS BISOUS agreed to compensate me and my firm for work based on an hourly fee. Under this fee agreement, the attorneys' fees incurred in preparation of the investigation of non-compliance and the motion for contempt, from August 16, 2021 to the date of this declaration, total approximately $39,500.

19.    I have been a practicing commercial and intellectual property litigator in the state of Texas for 14 years.  Through my practice and experience, I am familiar with the normal and customary fees charged for legal services in the Dallas/Fort Worth Metroplex considering the time expended, the amount in controversy, the complexity of the case, the experience, reputation, ability, and billing rates of the attorneys and staff involved, the expertise involved and the other criteria upon which fees are based according to the State Bar of Texas rules and Texas Code of

9

Professional Responsibility. I am also aware of the various court opinions issued by the Texas Supreme Court and other state courts governing the award of fees in cases such as this.

20. I have previously testified as an attorneys' fees expert in several matters where fees were awarded in full, for the relevant period, according to my testimony about the reasonableness and the necessity for the fees, including at least: *Great American Lloyds Ins. Co. v. Vines-Herrin Custom Homes, LLC*, 596 SW 3d 370 (Tex. App.—Dallas, pet. denied) (awarding $ $604,743.02); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc*., 876 F. 3d 1372, (Fed. Cir. 2017) (awarding $931,903.45). To my knowledge, no court has rejected any testimony by me that the attorney's fees incurred were reasonable and necessary.

21. My opinion herein is based upon my experience, the total amount of fees incurred, and the reasonableness of the fees. Nevertheless, I have also confirmed the reasonableness and necessity of the fees according to the lodestar method. The attorneys' fees requested herein have also been calculated using the lodestar method and thus are reasonable and necessary.

22. I reasonably spent 3 hours working on the Investigation and Motion, and the reasonable hourly rate for this work is $975.00 per hour.  Kristen McCallion, an attorney licensed to practice in the state of New York and a Principal of my firm's New York office, has specialized in trademark law for nearly 16 years.  Ms. McCallion is admitted via *pro hac vice* into the Northern District of Texas.  She spent 10 hours working on the Investigation and Motion, and the reasonable hourly rate for her work is $925.00 per hour.  Vivian Cheng, who is an attorney licensed to practice in the state of New York, who is admitted via *pro hac vice* into the Northern District of Texas, and a senior associate employed by my firm who specializes solely in trademark litigation, reasonably spent 20 hours working on the Investigation and

10

Motion, and the reasonable hourly rate for this work is $845.00 per hour. Laya Varanasi, who is an attorney licensed to practice in the state of New York and currently an associate employed by my firm who also specializes in trademark litigation, reasonably spent 15 hours working on the Investigation and Motion, and the reasonable hourly rate for this work is $695.00 per hour. Thus, the base lodestar amount (i.e., the sum of the number of hours reasonably spent by each attorney on the case multiplied by each attorney's reasonable hourly rate) is $39,500.

23.    These fees are reasonable and necessary for the services performed and given the expertise of the attorneys. *See Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, No. CV H-14-1368, 2020 WL 821879, at *8 (S.D. Tex. Feb. 19, 2020), *appeal dismissed*, No. 20-20168, 2020 WL 5642035 (5th Cir. July 16, 2020) (finding fees of $600 per hour and higher to be customary and appropriate in an intellectual property infringement action).

24.    The fees charged for performing the work described in this Declaration include counsel's investigating non-compliance and collection of evidence, writing and corresponding with opposing counsel, and researching, drafting, preparing, reviewing, and filing the Motion are reasonable, necessary, and customary for a motion of this complexity and in this subject matter. The fees charged are customary for the same or similar services for attorneys with the experience, reputation, and ability described herein, considering the amount in controversy in the case, the time limitations imposed, and the results obtained. *See Atlas Trading Conglomerate Inc. v. AT&T Inc.*, No. 3:15-CV-0404-K, 2018 WL 1122158, at *4 (N.D. Tex. Feb. 28, 2018) (finding $46,179.79 to be a reasonable amount of attorneys' fees for a motion for contempt); *Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-CV-0675, 2011 WL 1527951, at *12 (S.D. Tex. Apr. 20, 2011) (finding that $75,000 in attorneys' fees and costs represents "reasonable compensation for protecting [the prevailing party]'s intellectual property rights").

25. I declare under penalty of perjury that the foregoing is true and correct.

Date: August 27, 2021

*/s/ David B. Conrad*
David B. Conrad

12