IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BISOUS BISOUS LLC,** | § § § | |
| *Plaintiff,* | § § | **C.A. No. 3:21-cv-01614-B** |
| v. | § § | **Jury Trial Demanded** |
| **THE CLE GROUP, LLC,** *et al.,* | § § § | |
| *Defendants.* | § | |

## DECLARATION OF JUSTIN ZACHARIAH TRUESDELL

I, Justin Zachariah Truesdell, do hereby declare and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying.

2. I am an owner with Defendant The CLE Group, LLC, and am responsible for all operations and management of same.

3. I am also an owner with Defendant Bisou Uptown Manager, LLC.

4. I also work for the Dallas-based restaurant that specializes in continental cuisine and is the subject of this litigation as an owner and manager, and my responsibilities include all aspects of operations and management.

5. On the day the Court granted Plaintiff's Motion for Preliminary Injunction from the bench on August 11, 2021, Defendants committed 100% to making all changes necessary to fully comply with the Court's ruling.

6.      Since that same day, Defendants have devoted substantial time, money, and manpower to determine and institute the actual procedures necessary for adhering fully to the Court's ruling, which prohibits the defendants from using the word "bisou" in association with restaurant services, including advertising for the same in Dallas.

7.      In tandem with Defendants' efforts to fully comply with Her Honor's August 11-ruling and August 16-Order, Defendants expressed to Plaintiff's counsel on August 17, 2021 that they were willing to settle on any reasonable terms and asked the Bakery what its terms were. When the Bakery failed to provide any reasonable terms, Defendants re-focused their efforts totally on complying fully with the Court's August 16-Order as expeditiously as possible.

8.      In furtherance of and in supplementation to the Declaration and Attachments that I submitted to the Court on August 27, I am providing a true and accurate copy of a Timeline that I had created to describe Defendants' compliance with the Court's August 16-Order. It is provided as Attachment A to this Declaration.

9.      Attachment B to this Declaration is a true and accurate copy of a photograph of the sign removed from the Dallas-based restaurant on the first available opportunity to do so by Aria Signs & Design, which was completed on August 30, 2021.

10.     Shortly after Plaintiff filed its motion on August 27, 2021, I provided my assistant pages 15 through 18 of the motion in which the Bakery lists 8 specific items and claims on information and belief, "the following uses of BISOU by Defendants remain in violation of the 8/16 Order." I asked her to research, determine, and indicate whether the identified "use" had stopped, and "if so, WHEN" and if it had not stopped, "Why Not" and "WHEN will it stop?" Her responses indicate that all but one of the Bakery's listed "uses" of the term "BISOU" by Defendants have stopped. Attachment C is a true and accurate copy of her responses.

11. As of this date, I estimate that at least 90% of all the necessary changes have occurred to ensure that Defendants are in full compliance with this Court's August 16-Order.

I declare the foregoing to be true under the penalty of perjury on the September 9, 2021.

/s/ _____
Justin Zachariah Truesdell