IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BISOUS BISOUS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CLE GROUP, LLC,<br>BISOU UPTOWN MANAGER, LLC, and<br>JOHN DOES 1–10,<br><br>        Defendants. | Case No. 3:21 CV01614-B |

**JOINT STATUS REPORT**

Pursuant to the Court's Status Report Order of August 20, 2021 (Dkt. 48), Plaintiff Bisous Bisous LLC ("Plaintiff" or "Bisous Bisous") and Defendants The Cle Group, LLC and Bisou Uptown Manager, LLC (together, "Defendants"), respectfully file the following joint status report. In accordance with the Court's Order granting the parties' Joint Motion to Extend Time (Dkt. 50), counsel for the parties participated in an in-person meeting on September 7, 2021 to discuss the matters specified in Rule 26(f) of the Federal Rules of Civil Procedure and in the Court's Status Report Order.

**1.**    **Brief statement of the nature of the case, including the contentions of the parties.**

<u>Plaintiff</u>: Bisous Bisous is a local, family-owned business that has sold French-inspired pastries and desserts under the trademark BISOUS BISOUS for nearly a decade. Plaintiff's BISOUS BISOUS retail bakery shop on McKinney Avenue has become a mainstay in Dallas and is the recipient of numerous accolades such as the *Dallas Observer's* title of "Best Bakery" in Dallas and rave customer reviews on Yelp, Google, and Trip Advisor. On July 7, despite Bisous

Bisous's longstanding use of BISOUS, and *after* Defendants acknowledged that BISOUS BISOUS is recognized in Dallas, Defendants opened a French-inspired restaurant named BISOU just a mile away from BISOUS BISOUS. Within a day of BISOU's opening—and in the weeks that have followed—Defendants' use of BISOU in connection with the sale, offering for sale, and advertising of restaurant services and food/beverage products has caused confusion and mistake among consumers. These instances of actual confusion, including dozens of misdirected negative reviews, phone calls, and social media tags, have caused and will continue to cause great harm and irreparable injury to Bisous Bisous and its hard-earned reputation until Defendants are permanently enjoined.

Bisous Bisous alleges that Defendants' use of BISOU in connection with its restaurant in Dallas as well as its BISOU restaurant in Houston constitute trademark infringement of its common law and federally registered BISOUS BISOUS word marks and BISOUS BISOUS PÂTISSERIE [& Design] marks, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), and the common laws of the State of Texas. It brings this lawsuit to protect its reputation and BISOUS BISOUS trademarks and to seek permanent injunctive and monetary relief. In addition, Bisous Bisous requests that the Court exercise its power under 15 U.S.C. § 1119 to declare that Defendant The Cle Group, LLC is not entitled to register the trademark BISOU CONTINENTAL and order that the application Serial No. 90552573 be refused registration.

Defendants: Defendant The Cle Group, LLC is a Houston-based hospitality group, which represents the best in hospitality and operates in various cities, including Houston and Dallas. Defendant Uptown Manager, LLC manages the Dallas-based restaurant that is the subject of this action. Defendants deny that they infringe any valid, enforceable, properly obtained trademark

2

or service mark owned by Plaintiff. Defendants deny that their use of "bisou" in connection with the sale, offering for sale, and advertising of restaurant services and food/beverage products has caused any legitimate or actual confusion or mistake among Plaintiff's customers in particular or consumers in general. Defendants contend that no relevant, actionable or legitimate instances of actual confusion occurred. They contend that the identified misdirected negative reviews, phone calls, and social media tags were either manufactured or precipitated by a disgruntled ex-employee, orchestrated or facilitated by Plaintiff, or otherwise lack admissible evidence of legitimacy. Defendants deny that they have caused or will cause any provable harm that is not *de minimis* to Plaintiff. Defendants deny that Plaintiff suffered any irreparable injury and contend that based on its prior knowledge of the opening of the Dallas-based restaurant, it had the ability and obligation to prevent or minimize any perceived potential harm, which it failed to do.

Defendants deny that Plaintiff has any right to the term "bisou" in Houston or the right to exclude any use of the term "bisou" in connection with the restaurant in Houston. Defendants deny that their use of the term "bisou" constitutes trademark infringement of Plaintiff's common law or federally registered BISOUS BISOUS word marks or BISOUS BISOUS PÂTISSERIE [& Design] marks. Defendants deny Plaintiff has any legitimate cause of action for false designation of origin or unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), or the common laws of the State of Texas. Defendants deny that Plaintiff has any legitimate basis for requesting, or that the Court has any legitimate justification for exercising its power under 15 U.S.C. § 1119, to declare that Defendant The Cle Group, LLC is not entitled to register the trademark BISOU CONTINENTAL and to order that the application Serial No. 90552573 be refused registration.

**2.      Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case were removed.**

The parties do not challenge jurisdiction or venue.

**3.      Any pending motions.**

Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held In Contempt and For Sanctions, filed August 27, 2021 (Dkt. 54), is pending. Defendants filed a response on September 9, 2021, and a hearing on Plaintiff's motion was held on September 13, 2021 at 10:00AM. *See* Dkt. 58. The matter has been taken under advisement. Dkt. 64.

Defendants' Opposed Motion for Bond, filed August 27, 2021 (Dkt. 52), is pending. Plaintiff's deadline to file a response is September 17, 2021.

**4.      Any matters which require a conference with the court.**

None.

**5.      Likelihood that other parties will be joined or the pleadings amended.**

Plaintiff: Bisous Bisous believes that other individuals or entities are working together and in concert with The Cle Group and Bisou Uptown Manager and may also be responsible for the infringing use of BISOU in Dallas and Houston, but is not presently aware of their true identities, involvement, and capacities. *See* Dkt. 26, ¶ 9. Bisous Bisous is investigating which additional individuals and/or entities (including those identified in Defendants' Certificates of Interested Persons, Dkts. 34, 51) may be responsible for the events and occurrences described in its First Amended Complaint as fact discovery begins and will seek leave to amend its First Amended Complaint as appropriate when such information becomes available.

Defendants: Defendants believe that Bisous Bisous may have obtained one or more of its protected marks by providing false or misleading information to the United Stated Patent and Trademark Office ("PTO") or by failing to provide true and accurate information to the PTO.

4

Defendants also believe that other individuals or entities may be working together and in concert with Bisous Bisous to manufacture false claims of confusion and damages and may also be responsible for false, misleading or defamatory statements being published about defendants. Defendants are investigating whether false or misleading information was provided to, or true and accurate information was withheld from, the PTO. Defendants are also investigating whether additional individuals or entities may be manufacturing the alleged events and occurrences described in Plaintiff's First Amended Complaint. After fact discovery begins, and if warranted, Defendants will seek leave to amend their Answer as appropriate when such information becomes available.

6. **(a) An estimate of the time needed for discovery, with reasons**

The parties estimate that they will need approximately six (6) months to complete discovery, including at least serving and responding to interrogatories, requests for production of documents and things, and requests for admissions, and taking depositions.

**(b) a specification of the subjects on which discovery may be needed**

<u>Plaintiff</u>: Bisous Bisous anticipates that the subjects on which discovery may be needed include at least: the name and involvement of John Does 1–10 in the use of BISOU in connection with Defendants' BISOU restaurants in Dallas and Houston; Bisous Bisous's longstanding and continuous use of the BISOUS BISOUS word mark and BISOUS BISOUS PÂTISSERIE [& Design] marks (the "BISOUS Marks"); Bisous Bisous's ownership and rights in the BISOUS Marks; Defendants' selection, adoption, and use of BISOU; Defendants' advertising, offer for sale, and sale of goods and rendering of services under BISOU and any other BISOU-formative mark; the nature of Defendants' goods and services offered under BISOU or any other BISOU-formative mark; Defendants' records of their revenue, profits, and expenses related to goods and services sold under BISOU or any other BISOU-formative mark; the parties' overlapping retail

5

outlets and purchasers; the parties' target and actual customers; instances of consumer confusion; The Cle Group's filings with the USPTO relating to its application to register the trademark BISOU CONTINENTAL; Defendants' prior knowledge of Bisous Bisous and Bisous Bisous's use of and rights in the BISOU Marks; Defendants' violations of the Court's August 16, 2021 Order granting a preliminary injunction; and the harm caused to Bisous Bisous as a result of Defendants' actions.

Defendants:  Defendants anticipate that the subjects of discovery will include Plaintiff's application for the marks at issue and its communications with the PTO related to the same, Defendants' first awareness of the intent to open the Dallas-based restaurant at issue and its actions or inactions thereafter, Plaintiff's allegations of alleged actual confusion, Plaintiff's alleged damages during the relevant period at issue, Plaintiff's actual attorneys' fees incurred, Plaintiff's receipt of funds via www.GoFundMe.com or otherwise to litigate this action and the representations made to obtain those funds and the subsequent use of those funds, Plaintiff's prior published statements regarding Defendants, and state of Plaintiff's reputation in the applicable community before, during, and after the opening of the Dallas-based restaurant.

The foregoing shall not be construed as a limitation on the scope of discovery or the parties' ability to object to discovery.

**(c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues at this time.

7. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

The parties are discussing terms and conditions for the production of documents and electronically stored information ("ESI") and the scope of electronic discovery. Bisous Bisous will provide Defendants with a proposed electronic discovery protocol. The parties anticipate finalizing and stipulating to a joint electronic discovery protocol without Court intervention, but will seek the Court's assistance if the parties cannot reach an agreement regarding the terms of the protocol.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including–if the parties agree on a procedure to assert such claims after production–whether they will be asking the Court to include their agreement in an order.**

The parties will prepare and file with the Court a proposed Protective Order that will include a section addressing the procedure for asserting claims of privilege and work product protection after production.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

The parties agree that each side will be limited to: (i) serving 25 interrogatories; (ii) serving 25 requests for admission (other than for the purposes of authentication); and (iii) taking 75 hours of depositions.

10. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c)**

The parties do not believe that any orders should be entered by the Court under Rule 26(c) or Rule 16(b) and (c), other than the Protective Order the parties anticipate filing, as discussed in Paragraph 8 above.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other**

**dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

| Event | Proposed Deadline |
|---|---|
| Deadline to join other parties and to amend pleadings | Within 14 days after Defendants confirm the identity of the owner of BISOU Houston and anyone using the BISOU mark in connection with the restaurant by authority or license from owner, which the parties expect to occur on or before October 1, 2021 |
| Deadline to file motions for summary judgment and other dispositive motions | May 2, 2022 |
| Deadline to complete discovery | April 1, 2022 |
| Deadline to designate expert witnesses and to make expert disclosures required by Rule 26(a)(2) on any issue(s) as to which the disclosing party bears the burden of proof | January 31, 2022 |
| Deadline to designate responsive expert witnesses and to serve expert disclosures required by Rule 26(a)(2) intended to respond to any other expert report | March 2, 2022 |
| Deadline to make expert disclosures required under Rule 26(a)(2) for experts intended solely to rebut evidence on the same subject matter identified by another party | 30 days after the disclosure made by the other party |

**12.   Requested trial date, estimated length of trial, and whether jury has been demanded.**

The parties request a trial date around August 2, 2022. The parties estimate that trial will take approximately 3 days, excluding jury selection. Plaintiff has demanded a trial by jury.

**13.   Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

At least one party in this action does not consent to a trial before a United States Magistrate Judge.

**14. Progress made toward settlement, and the present status of settlement negotiations.**

Counsel for the parties first discussed potential settlement on a conference call on August 17, 2021, and have continued those discussions through phone calls and e-mails since then. Defendants made a settlement proposal via an e-mail from their counsel on August 20, and Plaintiff's counsel provided a response to that proposal in a letter dated August 23. Counsel for the parties also discussed potential settlement terms during their in person meeting on September 7 and the parties agree that participating in a court-supervised settlement conference soon, and perhaps before discovery commences, may be helpful to advancing resolution of this matter.

**15. What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective?**

The parties believe that a court-supervised settlement conference would be most appropriate for resolving this case and respectfully request to schedule a court-supervised settlement conference as soon as one can be scheduled with the Court.

**16. Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: September 14, 2021　　　　　By: */s/ David B. Conrad*
　　　　　　　　　　　　　　　　　　David B. Conrad
　　　　　　　　　　　　　　　　　　Texas Bar No. 24049042
　　　　　　　　　　　　　　　　　　conrad@fr.com
　　　　　　　　　　　　　　　　　　1717 Main Street, Suite 5000
　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　Telephone: (214) 747-5070
　　　　　　　　　　　　　　　　　　Facsimile: (214) 747-2091

　　　　　　　　　　　　　　　　　　Kristen McCallion (*pro hac vice*)
　　　　　　　　　　　　　　　　　　mccallion@fr.com
　　　　　　　　　　　　　　　　　　Vivian Cheng (*pro hac vice*)
　　　　　　　　　　　　　　　　　　cheng@fr.com
　　　　　　　　　　　　　　　　　　7 Times Square, 20th Floor
　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　Telephone: (212) 765-5070
　　　　　　　　　　　　　　　　　　Facsimile: (212) 258-2291

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

**AGREED**:

**BUETHER JOE & COUNSELORS, LLC**

By: */s/ Kenneth P. Kula*
　　Kenneth P. Kula
　　Texas Bar No. 24004749
　　Ken.Kula@BJCIPLaw.com
　　Eric W. Buether
　　Texas Bar No. 03316880
　　Eric.Buether@BJCIPLaw.com
　　Christopher M. Joe
　　Texas Bar No.: 00787770
　　Chris.Joe@BJCIPLaw.com
　　1700 Pacific Avenue
　　Suite 4750
　　Dallas, Texas 75201
　　Telephone: (214) 730-5660
　　Facsimile: (972) 707-1248

　　*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on September 14, 2021, a true and correct copy of the foregoing document has been filed with the clerk of court for the U.S. District Court, Northern District of Texas and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated: September 14, 2021                                                       */s/ David B. Conrad*
                                                                                                    David B. Conrad