UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BISOUS BISOUS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1614-B |
| | § | |
| THE CLE GROUP, LLC, BISOU | § | |
| UPTOWN MANAGER, LLC, and | § | |
| JOHN DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bisous Bisous LLC ("Bisous Bisous")'s Motion to Show Cause Why Defendants Should Not be Held in Contempt and for Sanctions (Doc. 54). The Court held a hearing on the motion on September 13, 2021, but did not issue a decision on the motion at the hearing. At issue here is whether Defendants The Cle Group and Bisou Uptown Manager, LLC (collectively "Cle") substantially complied with the Court's preliminary injunction ("PI") that enjoined Cle from using the word "Bisou." For the reasons that follow, the Court **DENIES** the pending motion.

### I.

### BACKGROUND

Bisous Bisous filed a motion for a temporary restraining order and preliminary injunction on July 19, 2021 (Doc. 12). After receiving all the responses on the related issues, the Court held a hearing on the motion on August 11, 2021 (Doc. 44). At the hearing, the Court verbally granted a preliminary injunction ("PI"). The Court issued the following PI by written order on August 16,

2021: "Cle, Bisou Uptown, and anyone acting in concert with them, are PRELIMINARILY ENJOINED from using the term 'Bisou' in association with restaurant services and food and/or beverage products, including advertising for the same, in Dallas, Texas." Doc. 45, Mem. Op. & Order, 30–31. Bisous Bisous filed the pending motion (Doc. 54) on August 27, 2021. Cle filed their response (Doc. 62) on September 9, 2021. The Court heard oral argument on the motion at a hearing on September 13, 2021 (Doc. 64).

By the motion at hand, Bisous Bisous asks the Court to hold Defendants in contempt and to impose sanctions in the form of "attorneys' fees and costs spent to investigate Defendants' non-compliance with the 8/16 Order." Doc. 54, Pl.'s Mot., 20. Bisous Bisous contends that Cle violated the PI through continued use of the term "Bisou" on social media and on material, equipment, and signs inside and outside the restaurant. *Id.* at 2–11. Cle maintains that they substantially complied with the Court's PI by achieving ninety percent compliance by September 9, 2021. Doc. 62, Defs.' Resp., 9. Cle admits that not all of the required changes took place immediately following the issuance of the PI, but asks that the Court take into consideration the amount of time and money required to enact all the changes. *Id.* at 3. Both parties agree that Cle is in full compliance with the PI as of the hearing on September 13, 2021.

## II.

## LEGAL STANDARDS

A.  *Civil Contempt*

Civil contempt is a "potent weapon" that "should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801 (2019) (first quoting *Longshoremen v. Phila. Marine Trade Assn.*, 389 U.S. 64, 76 (1967);

and then quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). "A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citing *SEC v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). In a civil contempt proceeding, the movant "bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271–72 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).

A party is under an obligation to comply with a court order in all "'meaningful respects' to achieve substantial and diligent compliance." *Star Brite Distrib., Inc. v. Gavin*, 746 F. Supp. 633, 643 (N.D. Miss. 1990) (citing *Lelsz v. Kavanaugh*, 673 F. Supp. 828 (N.D. Tex. 1987)). "Once a violation [is] demonstrated, the burden then [falls] on [the respondent] to show either mitigating circumstances . . . or substantial compliance . . . ." *Whitfield*, 832 F.3d at 914 (citing *La. Educ. Ass'n v. Richland Par. Sch. Bd.*, 421 F. Supp. 973, 977 (W.D. La. 1976), *aff'd*, 585 F.2d 518 (5th Cir. 1977)). This justification "must be accompanied by adequate detailed proof." *United States v. Smith*, 2018 WL 4524123, at *6 (E.D. Tex. Sept. 13, 2018) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010)).

B.   *Sanctions*

"Unlike most areas of law, where a legislature defines both the sanctionable conduct and the penalty to be imposed, civil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct." *Int'l Union,*

*United Mine Workers v. Bagwell*, 512 U.S. 821, 831 (1994). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes[:] to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947).

## III.

## ANALYSIS

A.   *Civil Contempt*

Bisous Bisous argues that they established the three elements of contempt. Doc. 54, Pl.'s Mot., 14–15. First, the order issued by this Court on August 16, 2021, the PI, is in effect. *Id.* at 14. Second, the PI required Cle to refrain from certain conduct, use of the term "Bisou" in association with their restaurant in Dallas. *Id.* at 14–15. Third, Bisous Bisous alleges that Cle continues to use the term "Bisou" and lists several instances that occurred after the Court granted the PI from the bench on August 11, 2021. *Id.* at 15–16. Cle does not attempt to rebut the three elements of establishing contempt, but asserts the affirmative defense of "substantial compliance." Doc. 62, Defs.' Resp., 7. Therefore, the Court examines whether Cle substantially complied with the PI.

    1.   <u>Substantial Compliance</u>

The issue before the Court is whether Cle substantially complied with the preliminary injunction by refraining "from using the term 'Bisou' in association with restaurant services . . . in Dallas, Texas." Doc. 45, Mem. Op. & Order, 1. The non-moving party bears the burden to show substantial compliance. *Whitfield*, 832 F.2d at 914. If the defendant meets their burden to demonstrate substantial compliance, then the Court may "withhold the exercise of its contempt power." *Id.*

As of the filing of its motion on August 27, 2021, Bisous Bisous contends Cle was in violation of the PI through:

> 1. Use of BISOU on physical items used in the restaurant and to advertise or promote the restaurant including, e.g., on menus and photo props;
> 2. Use of BISOU on captions of social media posts under Defendants' control, e.g., their use of #Bisou and #BisouDallas hashtags;
> 3. Social media posts under Defendants' control that display BISOU signage, menus, or other physical materials;
> 4. Use of "Bisou Dallas" on The Cle Group's LinkedIn page;
> 5. Use of BISOU and bisoudallas.com on the "claimed" Yelp page at https://www.yelp.com/biz/bisou-dallas;
> 6. Use of BISOU on images, including a BISOU branded menu, on Defendants' "Cle Supper Club" Google Business Profile;
> 7. Use of the contact@bisoudallas.com email address to conduct business for the restaurant, e.g., to take reservations or promote the restaurant;
> 8. Use of "bisou CONTINENTAL CUISINE" on the "Cle Supper Club" Instagram page and the "Cle Restaurant" Facebook "About" page.

Doc. 54, Pl.'s Mot., 15–16. Bisous Bisous argues that many of these violations could easily be fixed and the ease of remedying these violations shows a lack of substantial compliance with the PI. Bisous Bisous also alleges that consumers continue to confuse the two establishments due to Cle's non-compliance with the PI resulting in continued harm to Bisous Bisous. *Id.* at 12. At least 27 people called Bisous Bisous seeking the Bisou Uptown restaurant and two people, including a health inspector, intending to go to Bisou Uptown mistakenly visited Bisous Bisous. *Id.* at 11–12.

Cle contends that they must spend $140,000 to remove all references to "Bisou" in their material, they "spent more than an entire workweek . . . 'making telephone calls, meeting with vendors and other individuals, and conducting independent research ,'" and most of the changes occurred by September 1, 2021. Doc. 52, Defs.' Mot. for Bond, 4 (quoting Doc. 53-1, Truesdell Decl., ¶ 7. Changes completed included napkins, floor mats, menus, business cards, dinnerware, party favors, decorations, pictures, and logos. Doc. 63-2, Ex. A, 3. According to Cle, some vendors cited

the COVID-19 pandemic as a reason for their delay in making the requested changes. Doc. 62, Defs.' Resp., 8. In the estimation of the Bisou Uptown restaurant manager, Justin Truesdell, Cle completed ninety percent of the necessary changes to fully comply with the PI by September 9, 2021. Doc. 63-1, Truesdell Decl., ¶ 11. Both parties agree that Cle failed to come into immediate compliance with the PI on August 16, 2021, and further agreed at the hearing that Cle is currently in full compliance less than a month from the issuance of the PI.

The phrase "substantial compliance" has received very little discussion or treatment by the courts. Some courts examine whether the party has been "reasonably diligent and energetic in attempting to accomplish what was ordered." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F. Supp. 115, 120 (W.D. La. 1984) (citing *Aspira of New York v. Bd. of Educ. of City of New York*, 423 F. Supp. 647, 654 (S.D.N.Y.1976)). Other courts within the Fifth Circuit apply a more exacting test, examining "whether the defendants took 'all reasonable steps within their power to insure compliance with the orders.'" *Alberti v. Klevenhagen*, 610 F. Supp. 138, 141 (S.D. Tex. 1985) (quoting *Mobile Cnty. Jail Inmates v. Purvis*, 551 F. Supp. 92, 97 (S.D. Ala. 1982)).

Merriam-Webster's dictionary defines "substantial" as "being largely but not wholly that which is specified."[1] *Substantial*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/substantial (last visited September 13, 2021). "Compliance" is defined as "the act or process of complying to a desire, demand, proposal, or

---

[1] Merriam-Webster also defines "substantial" as "(1)(a) consisting of or relating to substance; (b) not imaginary or illusory: real, true; (c) important, essential; (2) ample to satisfy and nourish; (3)(a) possessed of means; (b) considerable in quantity: significantly great; (4) firmly constructed: sturdy," but these definitions less accurately help to define the phrase "substantial compliance." *Substantial, supra*.

regimen or to coercion."[2] *Compliance*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/compliance (last visited September 13, 2021). The phrase in turn means largely, but not wholly, complying to a desire, demand, proposal, or regimen or to coercion. Thus, Cle need not fully comply with the PI to prove substantial compliance. This definition more closely resembles the "reasonably diligent and energetic attempt[] to accomplish what was ordered" standard applied by the NASCO court. *See Nasco, Inc.*, 583 F. Supp. at 120. The Court adopts the test for "substantial compliance" from *NASCO*. Applying the *NASCO* test to the present facts, the Court finds Cle substantially complied with the August 16, 2021, PI.

First, Cle energetically worked to make numerous changes within their control after issuance of the PI. The day following the hearing for the PI and four days prior to the written order, Cle's manager, Justin Truesdell, contacted vendors to bring Bisou Uptown Restaurant into compliance with the PI. Doc. 53-1, Truesdell Decl., ¶ 5. Mr. Truesdell attests that he and his team spent 45 hours over the next week researching and contacting vendors to comply with the PI. *Id.* ¶ 7. Additionally, two Cle group managers removed "napkins, floor matts [sic], menus, business cards, dinnerware/tableware, party favors, decorations, pictures . . . in Resy, . . . logo on the POS and merchant processors, . . . [and] logo from TV screens" by August 19, 2021. Doc. 63-2, Ex. A, 3. Updates to social media included updating the Facebook and Instagram accounts for the restaurant along with several business pages through Yelp and Google Business to remove any pictures containing the Bisou logo ,which occurred on a rolling basis until September 3, 2021. *Id.* at 1. While

---

[2] Merriam-Webster also defines "compliance" as "(1)(b) conformity in fulfilling official requirements; (2) a disposition to yield to others; (3) the ability of an object to yield elastically when a force is applied: flexibility,"but these definitions less accurately help to define the phrase "substantial compliance." *Compliance*, *supra*.

Bisous Bisous disputes several of these completion dates, *see* Doc. 54, Pl.'s Mot., 15–16 (listing eight instances of noncompliance as of August 27, 2021), Bisous Bisous did admit to full compliance by Cle at the September 13, 2021, hearing—meaning Cle performed all of the above tasks at some point before the hearing. Accomplishing so many tasks demonstrates a reasonably diligent and energetic attempt to comply with the PI by Cle.

Second, Cle timely contracted with outside vendors to make all of the changes beyond their expertise. Within days of issuing the written order, Cle contacted a sign vendor, website vendor, law firm, and consulting firm. Doc. 53-2, Attach. A, 2; Doc. 53-3, Attach. B, 2; Doc. 53-4, Attach. C, 2; Doc. 53-5, Attach. D, 2. The sign vendor estimated completion of replacing the outside physical sign for Bisou Uptown Restaurant could occur before September 1, 2021. *Id.* ¶ 10. Cle obtained an invoice dated August 17, 2021, from the website vendor that estimated completion of a website redesign by September 1, 2021. *Id.* at ¶¶ 11–12; Doc. 53-3, Attach. B, 2. The law firm estimated completing the trademark change by October 5, 2021, and Cle obtained a invoice for this service on August 18, 2021. Doc. 53-1, Truesdell Decl., ¶¶ 13–14; Doc. 53-4, Attach. C, 2. The last invoice for outside services came from a rebranding consultancy firm dated August 24, 2021, and the agency estimated completion of the rebrand by September 1, 2021. Doc. 53-1, Truesdell Decl., ¶¶ 15–16; Doc. 53-5, Attach. D, 2–3. Within eight days of the written PI order, Cle obtained invoices for completing the major projects beyond their expertise. Obtaining such contracts within a short amount of time with most completion dates occurring just over two weeks after the PI demonstrates a reasonably diligent and energetic attempt to accomplish the requirements of the PI.

Lastly, Cle enacted all of the changes within less than a month. When examining the "substantial compliance" of a party, a court must look to the context of the situation with regard to

the order and generally apply an objective standard. *See Taggart*, 139 S.Ct. at 1802–04 (discussing the objective standard in the bankruptcy context for civil contempt). Cle owns a restaurant in Dallas, Texas, that had extensive social media, web advertising, branding on material inside and outside the restaurant, and contracts with vendors, all containing the term "Bisou." Changing all of this material required extensive time and effort to bring Cle into compliance with the PI. Coming into compliance required more than simply refusing to use the term, because Cle had to remove all instances of their logo from all physical and electronic pieces of property.

The Court finds the facts of this case distinguishable from the case provided at the September 13, 2021, hearing by counsel for Bisous Bisous. In *S.P.M. Flow Control*, the parties entered into a consent decree whereby the defendant agreed to not use a logo at an upcoming conference. *S.P.M. Flow Control, Inc. v. Special Piping Materials Ltd.*, 2013 WL 12140497, at *1 (S.D. Tex. June 20, 2013). Defendant proceeded to use the logo for their booth's backdrop at the conference, but attempted to cover most of the instances of the logo. *Id.* at 2–3. Quite dissimilarly, the Bisou logo was on a multitude of items including menus, signs, tableware, and websites. It therefore required more effort to come into compliance with the PI than would simply not displaying a backdrop at a conference. Further, the PI required Cle to take affirmative action to remove the logo from all existing material, not to simply refrain from using the logo at an upcoming conference. Objectively examining the actions of Cle within the context of this case, the Court finds Cle acted diligently and energetically to comply with the PI within 28 days.

B.  *Sanctions*

The decision to impose sanctions lies within the discretion of the Court. *Bagwell*, 512 U.S. at 831. Because the Court does not find Cle in contempt of the PI, the Court also dismisses the motion for sanctions.

## IV.

## CONCLUSION

For the reasons explained above, Bisous Bisous' Motion to Show Cause Why Defendants Should Not be Held in Contempt and for Sanctions (Doc. 54) is **DENIED**.

**SO ORDERED.**

**SIGNED: September 16, 2021**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE