**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BISOUS BISOUS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **C.A. No. 3:21-cv-01614-B** |
| **THE CLE GROUP, LLC,** | § | |
| **BISOU UPTOWN MANAGER, LLC, and** | § | |
| **BISOU LP HOLDINGS, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

_____

**DEFENDANT BISOU UPTOWN MANAGER, LLC'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Bisou Uptown Manager, LLC ("Uptown Manager") submits the following

Answer, Defenses, and Counterclaims to Plaintiff BISOUS BISOUS LLC's ("Plaintiff") Second

Amended Complaint for Willful Trademark Infringement and Unfair Competition.   Unless

specifically admitted below, Uptown Manager denies each and every allegation in Plaintiff's

Second Amended Complaint.[1]

**NATURE OF THIS ACTION**[2]

1.      Defendant is without information sufficient to admit or deny the allegations

contained in Paragraph 1 of the Second Amended Complaint and, therefore, denies the same.

2.      Denied.

_____

[1] Defendant objects to the content of Plaintiff's Introductory Paragraph, which are not proper
allegations of the Second Amended Complaint and, therefore, no response is required.  To the
extent a response is required, Defendant denies the same.
[2] Similarly, the headings to the Second Amended Complaint are not allegations and, therefore, no
response is required.  To the extent a response is required, Defendant also denies the same.

3.      Denied.

4.      Denied.

5.      Denied.

## PARTIES

6.      Admitted.

7.      The allegations in Paragraph 7 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 7 to the extent they are construed to be directed at it.

8.      Admitted.

9.      The allegations in Paragraph 9 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 9 to the extent they are construed to be directed at it.

## JURISDICTION AND VENUE

10.      Defendant admits that Plaintiff has alleged various federal and state claims but denies that Plaintiff is entitled to any relief.  Defendant admits that this Court has subject matter jurisdiction over this case pursuant to the Lanham Act and under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a) but denies that Plaintiff is entitled to any relief under these statutes.  Plaintiff denies the remaining allegations of Paragraph 10 of the Second Amended Complaint.

11.      The allegations in Paragraph 11 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 11 to the extent they are construed to be directed at it.

12.      Defendant Uptown Manager admits this Court has personal jurisdiction over it. Defendant denies it "promoted its services under the infringing BISOU designation to Texas

residents." Defendant denies the remaining allegations in Paragraph 12 of the Second Amended Complaint.

13.     The allegations in Paragraph 13 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required. Defendant denies the allegations of Paragraph 13 to the extent they are construed to be directed at it.

14.     Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in Paragraph 14 of the Second Amended Complaint.

## FACTUAL BACKGROUND

### BISOUS BISOUS

15.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 15 of the Second Amended Complaint and, therefore, denies the same.

16.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 16 of the Second Amended Complaint and, therefore, denies the same.

17.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 17 of the Second Amended Complaint and, therefore, denies the same.

18.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 18 of the Second Amended Complaint and, therefore, denies the same.

19.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 19 of the Second Amended Complaint and, therefore, denies the same.

20.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 20 of the Second Amended Complaint and, therefore, denies the same.

21.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 21 of the Second Amended Complaint and, therefore, denies the same.

22.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 22 of the Second Amended Complaint and, therefore, denies the same.

23.     Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

a.   Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

b.   Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

c.   Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

d.   Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

e.   Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

f.   Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 23 of the Second Amended Complaint and, therefore, denies the same.[3]

24.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 24 of the Second Amended Complaint and, therefore, denies the same.

**CLE's [Alleged] Controversial Business Practices and Poor Reputation**

25.     The allegations in Paragraph 25 of the Second Amended Complaint are not solely directed towards Uptown Manager and, therefore, no response is required to those that are not

---

[3] Because Defendant is without information sufficient to admit or deny the allegations contained in the Second Amended Complaint regarding any "common law rights" that Plaintiff may have to any marks and the fact that Defendant contends that Plaintiff's federal trademark rights are invalid, Defendant objects to Plaintiff's contention, reference to, and definition that "Together, Bisous Bisous' common law rights and U.S. federal trademark registrations for the above marks are referenced herein as the 'BISOUS Marks,'" and, therefore, Defendant denies each allegation that references or uses that term.

**ANSWER OF DEFENDANT UPTOWN MANAGER, LLC**                    **PAGE 4**

directed to it.  Defendant denies all the allegations of Paragraph 25 to the extent they are directed to Uptown Manager or construed to be directed at it.

26.     Denied.

27.     The allegations in Paragraph 27 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 27 to the extent they are construed to be directed at it.

28.     The allegations in Paragraph 28 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 28 to the extent they are construed to be directed at it.

29.     The allegations in Paragraph 29 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 29 to the extent they are construed to be directed at it.

30.     The allegations in Paragraph 30 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 30 to the extent they are construed to be directed at it.

31.     The allegations in Paragraph 31 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 30 to the extent they are construed to be directed at it.

32.     The allegations in Paragraph 32 of the Second Amended Complaint are not directed solely towards Uptown Manager and, therefore, no response is required to those allegations not directed towards it.  Defendant denies, however, all the allegations of Paragraph 32 to the extent they are either directed towards Uptown Manager or construed to be directed at it.

33.     The allegations in Paragraph 33 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 33 to the extent they are construed to be directed at it.

**Defendants' [Alleged] Willful Infringement of the BISOUS Marks**

34.     The allegations in Paragraph 34 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 34 to the extent they are construed to be directed at it.

35.     The allegations in Paragraph 35 of the Second Amended Complaint are not directed solely towards Uptown Manager and, therefore, no response is required to those allegations not directed towards it.  Defendant denies, however, all the allegations of Paragraph 35 to the extent they are either directed towards Uptown Manager or construed to be directed at it.

36.     The allegations in Paragraph 36 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 36 to the extent they are construed to be directed at it.

37.     The allegations in Paragraph 37 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 37 to the extent they are construed to be directed at it.

38.     The allegations in Paragraph 38 of the Second Amended Complaint are not directed solely towards Uptown Manager and, therefore, no response is required to those allegations not directed towards it.  Defendant denies, however, all the allegations of Paragraph 38 to the extent they are either directed towards Uptown Manager or construed to be directed at it.

39.     The allegations in Paragraph 39 of the Second Amended Complaint are not directed solely towards Uptown Manager and, therefore, no response is required to those allegations not

directed towards it. Defendant denies, however, all the allegations of Paragraph 39 to the extent they are either directed towards Uptown Manager or construed to be directed at it.

40.     The allegations in Paragraph 40 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required. Defendant denies the allegations of Paragraph 40 to the extent they are construed to be directed at it.

41.     Denied.

42.     The allegations in Paragraph 42 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required. Defendant denies the allegations of Paragraph 42 to the extent they are construed to be directed at it.

43.     The allegations in Paragraph 43 of the Second Amended Complaint are not directed solely towards Uptown Manager and, therefore, to those allegations, no response is required. Defendant denies the remaining allegations of Paragraph 43 to the extent they are construed to be directed at it.

44.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 44 of the Second Amended Complaint and, therefore, denies the same.

45.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 45 of the Second Amended Complaint and, therefore, denies the same.

46.     Denied.

47.     Denied.

48.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 48 of the Second Amended Complaint and, therefore, denies the same.

49.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 49 of the Second Amended Complaint and, therefore, denies the same.

50.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 50 of the Second Amended Complaint and, therefore, denies the same.

51.     Denied.

52.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 52 of the Second Amended Complaint and, therefore, denies the same.

53.     Denied.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

54.     Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 53 of this Answer in response to Paragraph 54 of the Second Amended Complaint.

55.     Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

a.  Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

b.  Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

c.  Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

d.  Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

e.  Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

f.  Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 55 of the Second Amended Complaint and, therefore, denies the same.

56.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 56 of the Second Amended Complaint and, therefore, denies the same.

57.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 57 of the Second Amended Complaint and, therefore, denies the same.

58.     The allegations in Paragraph 58 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 58 to the extent they are construed to be directed at it.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

65.     Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 64 of this Answer in response to Paragraph 65 of the Second Amended Complaint.

66.     Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

   a.  Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

   b.  Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

   c.  Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

    d.   Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

    e.   Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

    f.   Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 66 of the Second Amended Complaint and, therefore, denies the same.

67.    The allegations in Paragraph 67 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 67 to the extent they are construed to be directed at it.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER TEXAS COMMON LAW

73.    Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 72 of this Answer in response to Paragraph 73 of the Second Amended Complaint.

74.    Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

    a.   Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

b. Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

c. Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

d. Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

e. Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

f. Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 74 of the Second Amended Complaint and, therefore, denies the same.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

**COUNT IV**
**ORDER FOR EXPRESS ABANDOMENT/REFUSAL OF CLE'S TRADEMARK**
**APPLICATION FOR BISOU CONTINENTAL**
**(Section 37 of the Lanham Act, 15 U.S.C. § 1119)**

82. Defendant restates and incorporates herein by reference the responses contained in Paragraphs 1 through 81 of this Answer in response to Paragraph 82 of the Second Amended Complaint.

83. The allegations in Paragraph 83 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, for those allegations, no response is required. Defendant denies the allegations of Paragraph 83 to the extent they are construed to be directed at it.

**ANSWER OF DEFENDANT UPTOWN MANAGER, LLC**                           **PAGE 11**

84.     Defendant admits that Plaintiff is listed as the owner on the following federal trademark registrations:

    a.  Reg. No. 4,811,207, covering "bakery goods, excluding solid chocolate" in Class 30;

    b.  Reg. No. 5,120,605, covering "retail bakery shop" in Class 35;

    c.  Reg. No. 5,120,606, covering "café and restaurant services" in Class 43;

    d.  Reg. No. 4,811,208, covering "bakery goods excluding solid chocolate" in Class 30;

    e.  Reg. No. 5,106,226, covering "retail bakery shop" in Class 35; and

    f.  Reg. No. 5,106,227, covering "café and restaurant services" in Class 43.

Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 84 of the Second Amended Complaint and, therefore, denies the same.

85.     The allegations in Paragraph 85 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 85 to the extent they are construed to be directed at it.

86.     The allegations in Paragraph 86 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 86 to the extent they are construed to be directed at it.

87.     The allegations in Paragraph 87 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 87 to the extent they are construed to be directed at it.

88.     The allegations in Paragraph 88 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 88 to the extent they are construed to be directed at it.

89.     The allegations in Paragraph 89 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 89 to the extent they are construed to be directed at it.

90.     The allegations in Paragraph 90 of the Second Amended Complaint are not directed towards Uptown Manager and, therefore, no response is required.  Defendant denies the allegations of Paragraph 90 to the extent they are construed to be directed at it.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent that these paragraphs are construed to require a response, Uptown Manager denies that Plaintiff is entitled to any of the requested relief and denies any allegations contained herein. Uptown Manager requests that a take-nothing judgment be entered in its favor and against Plaintiff on the entire Second Amended Complaint.

## <u>DEFENSES</u>

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendant alleges and asserts the following defenses in response to the allegations asserted in the Second Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Defendant intends to conduct discovery and specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state any claim upon which any relief may be granted against Defendant.

## SECOND DEFENSE
### (Invalidity or Improper Issuance)

Plaintiff's marks-in-suit are invalid or should not have been issued by the U.S. Patent and Trademark Office.

## THIRD DEFENSE
### (Non-Infringement)

Plaintiff's marks-in-suit are not infringed by Defendant.

## FOURTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of unclean hands.

## FIFTH DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff alleges that Defendant's actions have prevented Plaintiff from selling products related to its business, Plaintiff has failed to mitigate its damages.

## SIXTH DEFENSE
### (No Intent to Deceive or Trade upon the Good Will or Reputation of Plaintiff)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff has failed to show that Defendant used its mark with the intent to deceive the public or trade upon the good will or reputation of Plaintiff.

## SEVENTH DEFENSE
### (No Likelihood of Confusion)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff has failed to show any likelihood of confusion by the relevant public.

## EIGHTH DEFENSE
### (Laches)

Without any admission by Defendant that Plaintiff's marks-in-suit are valid or infringed, Plaintiff's claims are barred, in whole or in part, because of the doctrine of laches.

## COUNTERCLAIMS

1.      Uptown Manager, LLC asserts the following declaratory relief counterclaims against Plaintiff BISOUS BISOUS LLC based on various representations it made to the U.S. Patent & Trademark Office (hereinafter "USPTO") at the time of its applying for trademark protection.  Uptown Manager continues to investigate this matter and reserves the right to amend or supplement its counterclaims in light of further investigation and discovery in this action.

## PARTIES

2.      Defendant and Counterclaim-Plaintiff Uptown Manager is a Texas limited liability company with its principal place of business located at 2619 McKinney Avenue, Suite 120, Dallas, Texas 75204, and a registered office at 1225 North Loop West, Suite 640 Houston, Texas 77008.

3.      Based on Plaintiff's allegations in its Second Amended Complaint, Plaintiff and Counterclaim-Defendant BISOUS BISOUS LLC is a Texas limited liability company with its principal place of business at 3700 McKinney Avenue, Suite 150, Dallas, Texas 75204.

## JURISDICTION AND VENUE

4.      This is a declaratory action pursuant to 28 U.S.C. § 2201(a) seeking a finding of no federal trademark infringement under 15 U.S.C. § 1114 (Section 43 of the Lanham Act), no unfair competition under 15 U.S.C. § 1125(a), and no infringement of trademark under Texas common-law, and for cancellation of Counterclaim-Defendant's federal trademark registrations.

5.      This Court has original jurisdiction over the subject matter of this Counterclaim under the Lanham Act pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 1355.

This Court has supplemental jurisdiction over the Texas state-law claim in this action under 28 U.S.C. § 1367 because this claim arises out of the same transaction and occurrences and is so related to the declaratory judgment claims under the Lanham Act that it forms part of the same case or controversy.

6.      By filing its Second Amended Complaint in this District, Plaintiff has consented to personal jurisdiction in this District.

7.      Venue is proper here as to these counterclaims under 28 U.S.C. § 1391.

8.      An actual and justiciable controversy exists between Plaintiff and Counterclaim-Defendant BISOUS BISOUS and Defendant and Counterclaim-Plaintiff Uptown Manager concerning the alleged infringement and validity of Plaintiff's BISOUS Marks[4] by virtue of Plaintiff's allegations of infringement.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Fraud upon the USPTO for Reg. No. 4,811,207)**

9.      Uptown Manager incorporates Paragraphs 1-8 of its counterclaims as if fully set forth herein.

10.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS" was first in "Use in Commerce" on "Nov. 22, 2012" was not true at the time of application for U.S. Trademark Reg. No. 4,811,207.

11.     By certifying to the USPTO in its application that the applicable goods were first used in commerce on November 22, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable goods are

---

[4] *See* Paragraph 23 of Plaintiff's Second Amended Complaint, (Doc. 73 at 12-13), stating "Together, Bisous Bisous' common law rights and U.S. federal trademark registrations for the above marks are referenced herein as the 'BISOUS Marks'".

and were first used in commerce since November 22, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

12.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO such that U.S. Trademark Reg. No. 4,811,207 for the BISOUS BISOUS mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 4,811,207)

13.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

14.     Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 4,811,207 in commerce in International Class 30 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal trademark registration.

15.     Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 4,811,207.

## THIRD COUNTERCLAIM
### (Cancellation of U.S. Trademark Reg. No. 4,811,207)

16.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

17.     Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS" as U.S. Trademark Reg. No. 4,811,207.

18.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 4,811,207 for "BISOUS BISOUS" is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

19.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Fraud upon the USPTO for Reg. No. 4,811,208)

20.     Uptown Manager repeats and realleges the preceding paragraphs as if fully set forth herein.

21.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS PÂTISSERIE" [& Design] was first in "Use in Commerce" on "Nov. 22, 2012" was not true at the time of application for U.S. Trademark Reg. No. 4,811,208.

22.     By certifying to the USPTO in its application that the applicable goods were first used in commerce on November 22, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable goods are and were first used in commerce since November 22, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

23.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO such that U.S. Trademark Reg. No. 4,811,208 for the BISOUS BISOUS PÂTISSERIE [& Design] mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 4,811,208)**

24.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

25.     Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 4,811,208 in commerce in International Class 30 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal trademark registration.

26.     Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 4,811,208.

**SIXTH COUNTERCLAIM**
**(Cancellation of U.S. Trademark Reg. No. 4,811,208)**

27.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

28.     Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS PÂTISSERIE" [& Design] as U.S. Trademark Reg. No. 4,811,208.

29.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 4,811,208 for "BISOUS BISOUS PÂTISSERIE" [& Design] is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

30.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

### SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Fraud upon the USPTO for Reg. No. 5,106,226)

31.     Uptown Manager repeats and realleges the preceding paragraphs as if fully set forth herein.

32.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS PÂTISSERIE" [& Design] was first in "Use in Commerce" on "Oct. 27, 2012" was not true at the time of application for U.S. Trademark Reg. No. 5,106,226.

33.     By certifying to the USPTO in its application that the applicable service was first used in commerce on October 27, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable service was first used in commerce since October 27, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

34.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO such that U.S. Trademark Reg. No. 5,106,226 for the "BISOUS BISOUS PÂTISSERIE" [& Design] mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

### EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 5,106,226)

35.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

36.     Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 5,106,226 in commerce in International Class 35 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal service mark registration.

37.     Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 5,106,226.

## NINTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Reg. No. 5,106,226)

38.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

39.     Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS PÂTISSERIE" [& Design] as U.S. Trademark Reg. No. 5,106,226.

40.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 5,106,226 for "BISOUS BISOUS PÂTISSERIE" [& Design] is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

41.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Fraud upon the USPTO for Reg. No. 5,106,227)**

42.     Uptown Manager repeats and realleges the preceding paragraphs as if fully set forth herein.

43.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS PÂTISSERIE" [& Design] was first in "Use in Commerce" on "Oct. 27, 2012" was not true at the time of application for U.S. Trademark Reg. No. 5,106,227.

44.     By certifying to the USPTO in its application that the applicable service was first used in commerce on October 27, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable service was first used in commerce since October 27, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

45.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO such that U.S. Trademark Reg. No. 5,106,227 for the "BISOUS BISOUS PÂTISSERIE" [& Design] mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 5,106,227)**

46.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

47.     Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 5,106,227 in commerce in International Class 43 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal service mark registration.

48.     Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 5,106,227.

## TWELFTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Reg. No. 5,106,227)

49.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

50.     Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS PÂTISSERIE" [& Design] as U.S. Trademark Reg. No. 5,106,227.

51.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 5,106,227 for "BISOUS BISOUS PÂTISSERIE" [& Design] is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

52.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment of Fraud upon the USPTO for Reg. No. 5,120,605)

53.     Uptown Manager repeats and realleges the preceding paragraphs as if fully set forth herein.

54.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS" was first in "Use in Commerce" on "Oct. 27, 2012" was not true at the time of application for U.S. Trademark Reg. No. 5,120,605.

55.     By certifying to the USPTO in its application that the applicable services were first used in commerce on October 27, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable services are and were first used in commerce since October 27, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

56.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO such that U.S. Trademark Reg. No. 5,120,605 for the BISOUS BISOUS mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

## FOURTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 5,120,605)

57.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

58.     Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 5,120,605 in commerce in International Class 35 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal service mark registration.

59.     Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 5,120,605.

## FIFTEENTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Reg. No. 5,120,605)

60.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

61.     Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS" as U.S. Trademark Reg. No. 5,120,605.

62.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 5,120,605 for "BISOUS BISOUS" is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

63.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## SIXTEENTH COUNTERCLAIM
### (Declaratory Judgment of Fraud upon the USPTO for Reg. No. 5,120,606)

64.     Uptown Manager repeats and realleges the preceding paragraphs as if fully set forth herein.

65.     Upon information and belief, Plaintiff's representation to the USPTO that the mark "BISOUS BISOUS" was first in "Use in Commerce" on "Oct. 27, 2012" was not true at the time of application for U.S. Trademark Reg. No. 5,120,606.

66.     By certifying to the USPTO in its application that the applicable services were first used in commerce on October 27, 2012, Plaintiff made false, material misrepresentations of fact in connection with said application.  By representing to the USPTO that the applicable services are and were first used in commerce since October 27, 2012, Plaintiff demonstrated deceptive intent and committed fraud upon the USPTO.

67.     Defendant and Counterclaim-Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant submitted a false declaration to the USPTO

such that U.S. Trademark Reg. No. 5,120,606 for the BISOUS BISOUS mark was obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

## SEVENTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Trademark Reg. No. 5,120,606)

68.    Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

69.    Upon information and belief, Plaintiff and Counterclaim-Defendant cannot show sufficient use of U.S. Trademark Reg. No. 5,120,606 in commerce in International Class 43 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal service mark registration.

70.    Uptown Manager seeks and is entitled to a declaratory judgment that Plaintiff and Counterclaim-Defendant cannot satisfy the requirements for and is not entitled to federal trademark registration for U.S. Trademark Reg. No. 5,120,606.

## EIGHTEENTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Reg. No. 5,120,606)

71.    Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

72.    Uptown Manager believes that it will be damaged by Plaintiff and Counterclaim-Defendant's continued registration of the mark "BISOUS BISOUS" as U.S. Trademark Reg. No. 5,120,606.

73.    After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. No. 5,120,606 for "BISOUS BISOUS" is not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO, the Court should cancel the registration.

74.     Uptown Manager therefore respectfully requests that the Court enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## NINETEENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

75.     Uptown Manager repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

76.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201(a), Uptown Manager seeks and is entitled to a declaratory judgment that its use of the term "bisou" or any similar term did not and does not infringe any valid federally registered trademark owned by Plaintiff and Counterclaim-Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 or 15 U.S.C. § 1125 because such purported marks fail to properly identify Plaintiff and Counterclaim-Defendant as the source of the goods or services being offered to the relevant public in commerce, as required by the USPTO, or because the trademarks and service marks were obtained as a result of Plaintiff and Counterclaim-Defendant committing fraud upon the USPTO, and Defendant and Counterclaim-Plaintiff cannot infringe an invalid mark.

77.     After a finding that Plaintiff and Counterclaim-Defendant's U.S. Trademark Reg. Nos. 4,811,207; 4,811,208; 5,106,226; 5,106,227; 5,120,605; and 5,120,606 are not supported by actual use in commerce or that Plaintiff and Counterclaim-Defendant committed fraud upon the USPTO in each mark's obtainment, the Court should enter an order of non-infringement by Uptown Manager for each mark, as each mark is *void ab initio*.

Dated:  October 29, 2021                    Respectfully submitted,

                                         **BUETHER JOE & COUNSELORS, LLC**

                                         By:     */s/ Kenneth P. Kula*
                                                   Eric W. Buether
                                                     State Bar No. 03316880
                                                     Eric.Buether@BJCIPLaw.com
  Christopher M. Joe
  State Bar No. 00787770
  Chris.Joe@BJCIPLaw.com
  Kenneth P. Kula
  State Bar No. 24004749
  Ken.Kula@BJCIPLaw.com

  1700 Pacific Avenue
  Suite 4750
  Dallas, Texas 75201
  Telephone:    (214) 730-5660
  Facsimile:    (972) 707-1248

**CHRISTIAN LEVINE LAW GROUP, LLC**

  Ardalan Attar
  State Bar No. 24113538
  aattar@christianlevinelaw.com

  2302 Fannin Street
  Suite 500
  Houston, Texas 77002
  Telephone:    (713) 659-7617

  ***ATTORNEYS FOR DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1(d) on this 29th day of October, 2021.

*/s/ Kenneth P. Kula*
Kenneth P. Kula
