# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BISOUS BISOUS LLC, | § § § | |
| *Plaintiff*, | § § § | C.A. No. 3:18-cv-01614-B |
| v. | § § | |
| THE CLE GROUP LLC, *et al.*, | § § § | |
| *Defendants*. | § | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff Bisous Bisous LLC (hereinafter, "Plaintiff") and Defendants The CLE Group, LLC, Bisou Uptown Manager, LLC and Bisou LP Holdings, LLC (hereinafter, "Defendants") (hereafter collectively referred to as "the Parties" or "Party" when referring to one side) believe that certain information that will likely be encompassed by discovery demands by the Parties discloses or reflects trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek the entry of a protective order to limit the disclosure of any such information in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

    Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2. With respect to documents, information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) declarations and affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" both individually and collectively.

**PROTECTIVE ORDER**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 2**

    and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 9 herein:

    (a) outside counsel of record in this Action for the Parties, including the partners, members, associates and contract attorneys of such counsel;

    (b) employees or other members of the staff of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c) up to and including two (2) designated representatives of each side (i.e., not each individual party) who are officers or employees of a Party, to the extent reasonably necessary for the litigation of this Action and identified here, except that either party may in good faith request the other Parties' consent to designate one or more additional representatives, the other party shall not unreasonably withhold such

consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent

For Plaintiff: Andrea Meyer; Matt Meyer
For Defendants: Justin "Zack" Truesdell; Salim Dehkordi;

(d)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with the following materials:
  i. a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and his or her employers in the past (4) four years;
  ii. a list of all cases in which the consultant or expert has worked in the past four (4) years; and
  iii. a list that identifies each person or entity for which the consultant or expert has consulted during the last four (4) years, and that identifies the general subject matter of the work (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment and general subject area of the technology);

such information will be provided to the producing Party at least ten (10) calendar days before access to the Protected Material is to be given to that consultant to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, and mock jurors, provided mock jurors who are exposed to DESIGNATED MATERIAL during the course of a mock exercise separately sign onto this Order and agree to be bound by its terms prior to the mock exercise. Mock jurors signing this Order need not be disclosed to the producing Party; and

  (f)  the Court and its personnel and the jury as well as any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good-faith belief that the documents, collection of documents, information or material contains confidential information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the receiving Parties and other receiving persons authorized to access DESIGNATED MATERIAL under this Order only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive, e.g., it contains proprietary information, trade secrets, or other commercially sensitive information, the disclosure of which to another Party or to a non-party would create a substantial risk of harm to the competitive position of the producing Party, that its dissemination deserves even further limitation, the

**PROTECTIVE ORDER**  Page 5

producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

8. For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (d-f).

9. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal, state or other proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

10. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.

**PROTECTIVE ORDER**                                                                                                      Page 6

      The Parties and all persons authorized to have access to DESIGNATED MATERIAL are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. This Order does not restrict the producing Party's rights as to its own DESIGNATED MATERIAL.

11. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, someone who has, in the ordinary course of business, seen such DESIGNATED MATERIAL; or (iv) another person entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

12. Parties may, at the deposition or within thirty (30) days after receipt of a final deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order. If not designated at the deposition, until expiration of the 30-day period, the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation, sealing

and redaction of hearing transcripts shall be done in accordance with the Court's local rules.

13. Any DESIGNATED MATERIAL that a Party intends to file with the Court shall be filed under seal pursuant to Local Rule 79.3(a) if required or permitted to be filed under seal by a statute or rule. Any DESIGNATED MATERIAL that a Party intends to file with the Court that is not required or permitted to be filed under seal by statute or rule, shall be filed under seal as an attachment to a motion for leave to file under seal pursuant to Local Rule 79.3(b)–(c). All sealed documents shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Protected Material, the confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court in accordance with Local Rule 79.3.

14. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

15. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden

shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

16. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

17. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties in accordance with the terms of this Order. All subpoenas served on Third Parties in this Action shall include a copy of this Order.

18. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. This paragraph notwithstanding, there shall be no obligation to return, purge, or

> destroy Protected Documents or Confidential Information that are integrated into outside counsel's work product, even if those materials have been specifically labeled Confidential. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Nothing in this Order requires the return or destruction of any information that is required by law to be retained or that is stored in back up/archive systems.

19. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

20. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

21. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

22. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

23. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: December 8, 2021

Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By: */s/ Kenneth P. Kula*
    Eric W. Buether
    State Bar No. 03316880
    Eric.Buether@BJCIPLaw.com
    Christopher M. Joe
    State Bar No. 00787770
    Chris.Joe@BJCIPLaw.com
    Kenneth P. Kula
    State Bar No. 24004749
    Ken.Kula@BJCIPLaw.com

    1700 Pacific Avenue
    Suite 4750
    Dallas, Texas 75201
    Telephone:    (214) 730-5660
    Facsimile:      (972) 707-1248

**CHRISTIAN LEVINE LAW GROUP, LLC**
    Ardalan Attar
    State Bar No. 24113538
    aattar@christianlevinelaw.com

    2302 Fannin Street
    Suite 500
    Houston, Texas 77002
    Telephone:    (713) 659-7617

***ATTORNEYS FOR DEFENDANTS***

**FISH & RICHARDSON P.C.**

By: */s/ David B. Conrad*
    David B. Conrad
    Texas Bar No. 24049042
    conrad@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone:    (214) 747-5070
    Facsimile:      (214) 747-2091

    Kristen McCallion (*Admitted PHV*)
    mccallion@fr.com
    Vivian Cheng  (*Admitted PHV*)
    cheng@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Telephone:    (212) 765-5070
    Facsimile:      (212) 258-2291

***ATTORNEYS FOR PLAINTIFF***

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BISOUS BISOUS LLC, | § § § | |
| *Plaintiff*, | § § § | |
| | § | C.A. No. 3:18-cv-01614-B |
| v. | § § | |
| THE CLE GROUP LLC, *et al.*, | § § § | |
| *Defendants*. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon final termination of this action, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature  _____

Date  _____